(No. 14421.—Decree affirmed.)

THE PEOPLE *ex rel.* Francis W. Shepardson *et al.* Appellants, *vs.* THE UNIVERSAL CHIROPRACTORS' ASSOCIATION *et al.* Appellees.

*Opinion filed February 22, 1922.*

1. MEDICINE AND SURGERY—*chiropractice is not nuisance per se.* The treating of human ailments by chiropractice is not a nuisance *per se* and cannot be enjoined as a menace to the public health, morals, safety or welfare.

2. SAME—*when a bill to enjoin chiropractors from practicing without a license cannot be maintained.* A bill to enjoin chiropractors from treating human ailments without a license cannot be maintained on the ground that the defendants, after being prosecuted and fined for misdemeanor, persist in practicing their calling without a license, as equity will not take jurisdiction merely because many individual suits will be required to enforce the law.

APPEAL from the Circuit Court of Rock Island county; the Hon. EMERY C. GRAVES, and the Hon. NELS A. LARSON, Judges, presiding.

EDWARD J. BRUNDAGE, Attorney General, BENJAMIN S. BELL, State's Attorney, and FLOYD E. BRITTON, for appellants.

H. A. WELD, and FRANK WINTER, for appellees.

Mr. JUSTICE FARMER delivered the opinion of the court:

This appeal is prosecuted to review a decree of the circuit court of Rock Island county dissolving a temporary injunction and dismissing the bill for want of equity.

The original and supplemental bills were filed in the name of the People of the State of Illinois, at the relation of the Attorney General, the director of the Department of Registration and Education, and the State's attorney of Rock Island county. Fifty-two defendants are named, all of whom it is alleged are chiropractors treating human ailments without a license, and belong to an association known as the Universal Chiropractors' Association; that some of the defendants have been tried and convicted of treating human ailments without a license and sentenced to pay fines or to imprisonment in jail, but after paying the fine or serving the term of imprisonment in jail they returned to and continued their practice. The bill alleges the officers of the Universal Chiropractors' Association collect dues from the members, from which fines and costs assessed against members are paid and all attorneys' fees, and that by reason of a conspiracy of defendants to defy the laws and continue their unlawful practice of treating human ailments without a license, which is prohibited by law and is a business subversive of the public health and morals, defendants have brought about a condition throughout the State of disrespect and contempt for law; that they threaten to, and will, continue in such conduct unless enjoined. The

bill prays that defendants be enjoined from treating human ailments without a license and that the Universal Chiropractors' Association be dissolved. A temporary injunction issued on the order of the master in chancery, but was subsequently, on motion, dissolved by the court and the bill dismissed for want of equity.

The theory of the bill is that the conduct of defendants amounts to a nuisance, which a court of equity will enjoin; that defendants are maintaining an organization for the aid of those belonging to it who are violating the law and propose to continue such violation.

Since the bill was filed the case of *People* v. *Love*, 298 Ill. 304, has been decided by this court. We there considered the provisions of the Medicine and Surgery act of 1917 in so far as it applied to the qualifications required by and the licensing of chiropractors and held them unconstitutional and invalid. That decision, in effect, held the practice of chiropractic is not a nuisance *per se,* for it was said the statute recognizes it as a useful and legal method of treating human ailments. There are certain conditions under which an injunction may be issued to enjoin the continuation of certain acts or conduct although they are made crimes and punishment is provided for the person guilty of them. As illustrating such line of cases, we cite *Stead* v. *Fortner,* 255 Ill. 468, *People* v. *Smith,* 275 id. 256, and *People* v. *Clark,* 268 id. 156. In those cases the injunction was issued to abate the place where the nuisance was being maintained and can have no application to this case. It seems entirely clear that what appellees are doing is not a menace to the public health, morals, safety or welfare, and on that ground the bill was properly dismissed.

Appellants contend that even though the act of 1917 is invalid, that is no answer to their bill asking an injunction to restrain appellees from carrying out the agreement or conspiracy of the members of the Universal Chiropractors' Association. It is said if the act of 1917 is void then the

Medicine and Surgery act of 1899 is still in force and requires appellees to secure licenses and the conspiracy alleged will be directed against that law, and appellants insist that the injunction should be sustained in the absence of any law requiring chiropractors to be licensed. It is unnecessary to determine whether the provisions of the act of 1917 held unconstitutional rendered the entire act invalid. That act, consisting of twenty-eight sections, is entitled "An act to revise the law in relation to the practice of the art of treating human ailments," and covers treating by medicine and surgery, and also treating human ailments without the use of drugs or medicines and without operative surgery, and midwifery, and is a much more comprehensive act than the one of 1899, which was entitled "An act to regulate the practice of medicine," and consists of eleven sections. But even if the entire act of 1917 was rendered invalid by the decision in the *Love case* and the 1899 act is in force, all the bill alleges appellees propose to do is to continue to practice without a license, which would be a misdemeanor for which punishment is provided and an adequate remedy at law exists. The possibility that many persons will violate the law and many suits will be required to enforce it does not warrant relief by injunction. The jurisdiction of a court of equity to issue an injunction in some cases to prevent a multiplicity of suits is not determined by the number of suits. Multiplicity is not synonymous with multitude, and there must be some other ground of jurisdiction besides mere number. The circumstances must be such that the remedy at law will be regarded as inadequate. If appellees, or any of them, are arrested and charged with committing a criminal offense they have a constitutional right to a trial by jury in determining their guilt, and to sustain the injunction here sought would deny them that right.

The circuit court did not err in dissolving the temporary injunction and dismissing the bill, and the decree is affirmed.                                          *Decree affirmed.*