# Richmond

U. R. DRUMMOND v. H. H. ROWE, ET ALS.

January 15, 1931.

Present, Prentis, C. J., and Epes, Hudgins, Gregory and Browning, JJ.

*Quinton G. Nottingham* and *James E. Heath,* for the appellant.

*Robert H. Talley* and *Fielding L. Williams,* for the appellees.

HUDGINS, J., delivered the opinion of the court.

H. H. Rowe and three other duly licensed veterinary surgeons filed a bill in the Circuit Court of the city of Richmond against the five members of the State Board of Veterinary Examiners and U. R. Drummond, a resident of Northampton county. The bill alleges that U. R. Drummond had illegally obtained a certificate authorizing him to practice veterinary medicine, in that the board had granted him this certificate without requiring him to pass an examination; that under Code section 1276 the board had no authority to issue this certificate until U. R. Drummond had successfully passed an examination before the full board, or a committee of three duly appointed by the president of the board to give the examination, and that U. R. Drummond, in practicing veterinary medicine under this certificate illegally obtained, was violating the criminal laws of the State; that the action of the board in issuing the certificate was illegal and void; that U. R. Drummond was an incompetent man, and his practice of the profession

constituted a menace to the property rights and health of the people of the State; that it cheapened the value and lowered the morale of the profession; and would further result in financial loss to the complainants and to other duly licensed veterinarians.

The prayer of the bill was that the certificate be revoked, annulled, and declared void, and that U. R. Drummond be perpetually enjoined and restrained from practicing veterinary medicine. There is a further prayer in the bill that H. C. Givens, the State Veterinarian, be required to strike the name of U. R. Drummond from list of veterinarians in his office.

On the same day that the bill was filed, the five members of the State Board of Veterinary Examiners and H. C. Givens, the State Veterinarian, filed a joint answer, neither admitting nor denying the allegations of the bill; two of the members of the board filed separate answers, joining in the prayer.

In due time U. R. Drummond filed a plea in abatement to the jurisdiction of the court. In this plea it was alleged that none of the defendants named in the bill resided in the city of Richmond, with the exception of H. C. Givens, and that he had no interest in the matter set up in the bill and was not a necessary or proper party; that neither the cause of action, nor any part thereof, arose in the city of Richmond; alleging that the cause of action did arise in Northampton county, and giving the place of residence of each of the defendants named.

The appellees moved to reject the plea, which motion was sustained. Thereupon U. R. Drummond filed a demurrer. The case was heard on the bill and exhibits and the demurrer. On the hearing the appellees withdrew the prayer for an injunction against U. R. Drummond. The court entered an order simply declaring the certificate void. From this decision an appeal was allowed.

■ The first error assigned is to the action of the court in sustaining the motion to reject the plea. The appellees maintain that the plea is bad for two reasons: (1) That the cause of action, or some part thereof, arose in the city of Richmond. It is unnecessary for us to decide whether the cause of action is the decision of the board to issue the certificate, or the ministerial act of the president in signing the certificate after it was determined by the proper authorities to issue it, inasmuch as the plea in abatement denies that any part of the cause of action arose in the city of Richmond, and whether it did or did not is a question of proof and cannot be disposed of on a motion to reject the plea.

■ (2) The other ground of venue relied upon is the fact that H. C. Givens resides in the city of Richmond. There is no allegation in the bill regarding H. C. Givens. The only reference to him is in the prayer, where it is stated that H. C. Givens is the State Veterinarian, Richmond, Virginia, and the court is asked to order Drummond's name to be stricken from the list of veterinarians in his office. There is nothing in the bill or its prayer to show any right or interest which the appellees have in any list of names which the State Veterinarian may, or may not, have. Under these circumstances, H. C. Givens is neither a necessary nor proper party to this cause. The court, in sustaining the motion to reject the plea, under the circumstances, committed reversible error.

The above conclusion would ordinarily be sufficient to dispose of the case in this court. However, in order to finally determine the controversy in this forum, we will consider the error assigned to the action of the court in overruling the demurrer filed by U. R. Drummond. The grounds therein set out are: (1) That the allegation of the bill does not state a case which will give a court of equity jurisdiction. (2) That if it were conceded that a

court of equity has jurisdiction, the complainants in the bill are not the proper parties to invoke its aid. (3) That the bill does not show on its face that U. R. Drummond is violating any of the provisions of chapter 55 of the Code. (4) That the bill does not show that the Board of Veterinary Examiners violated section 1276 of the Code in issuing the certificate to U. R. Drummond.

While the allegations of the bill constitute an attack upon the action of the Board of Veterinary Examiners in issuing and U. R. Drummond in receiving the certificate, the main object of the suit is to prevent U. R. Drummond, whom the appellees allege is an incompetent person, from engaging in the practice of veterinary medicine. The board, as such, does not attempt to defend the attack made upon it nor to explain its own action. On the contrary, two members of the board join in this attack.

The appellees in their verbal waiver before the trial court in effect amended the prayer of their bill so that the only relief requested was for the chancellor to declare one act of an official board illegal. The bill alleges that in practicing veterinary medicine and surgery in Northampton county U. R. Drummond is guilty of violating the criminal laws of the State. It would seem that the appellees realized that in their prayer for injunctive relief they were confronted by the familiar rule that the primary province of equity is to protect property rights, that it does not enforce the criminal laws and will not grant an injunction to restrain an act merely criminal, where property or civil rights are endangered, and in order to escape the application of this principle, they waived their request for injunctive relief. Pom. Eq. Jur. (4th ed.) section 476.

The appellees admit that their case is novel and that there is no direct authority to support their contention. They base their right to seek the aid of a court of equity on the general maxim that equity will not suffer a wrong

to be without a remedy, but they overlook the fact that "wrong," as here used, means an invasion of the property or civil rights of the party who seeks the aid of a court of equity. Pom. Eq. Jur. (4th Ed.) section 424.

■ If it were conceded that the granting of the certificate was illegal, what injury have the appellees suffered thereby? It is alleged (1) that they will suffer a financial loss if U. R. Drummond is permitted to practice veterinary medicine under the certificate granted him. (2) That they are duly registered veterinarians and as such are interested in maintaining the high standard of the profession. (3) That they are citizens of Virginia and are interested in upholding the law.

■ The regulation for the practice of veterinary medicine is purely a statutory matter. Prior to May 1, 1896, there was no regulation on the subject. Anyone who desired to do so could engage in this practice. The legislature at its next session, if it sees fit, can repeal all of the statutes on the subject and leave this profession without any regulation. The appellees have no vested right which would be affected by such repeal.

■ Chapter 55 of the Code is legislative enactment for the benefit of all the people of the Commonwealth, to protect them against inefficient veterinarians, and not for the purpose of giving special privileges and emoluments to any class of persons. The financial loss claimed is the possible diminution of fees, in the event that Drummond continues to practice the profession. Even this slender claim of financial injury was waived when the appellees waived their contention for injunctive relief. And if they had not, this claim is untenable. In the case of *Merz* v. *Murchison*, 30 Ohio Circuit Court R. 646, it is said:

"Prescribing who may practice medicine is designed to protect the public, and, though some incidental benefits result to those having the necessary qualifications by ex-

cluding others not qualified, it is not intended to confer special privileges upon licensed practitioners, for the protection of which, as a property right, they may invoke equitable aid to restrain unlawful competition by unlicensed practitioners."

It is commendable in the appellees to desire to maintain a high standard of efficiency in the profession, with which desire we are in entire accord. The legislature has provided that the practice of the profession without complying with the regulations is a misdemeanor, punishable by criminal prosecution. It has not declared the practice of veterinary medicine without a license a nuisance, nor in any manner extended the jurisdiction of a court of equity over it. For the court to assume jurisdiction where the case does not come within settled equitable rules would be to usurp a legislative function.

The authorities cited by the appellees do not support their contention. The cases cited involve property or civil rights of the complainants, or are from States where the legislature has either by express mandate or necessary implication extended the jurisdiction of equity over the subject matter.

The appellees claim that the principle declared in the case of *McCullough* v. *Scott*, 182 N. C. 865, 109 S. E. 789, is authority for their position in the instant case. That was a suit instituted by a public accountant, later amended by making the Attorney-General a party, to restrain the North Carolina State Board of Accountancy from holding an examination in the city of Washington, and from submitting to applicants in the city of Washington the same list of questions which had been submitted to applicants within the State a week prior to the time of the proposed meeting in Washington.

The court held that the State Board of Accountancy was an arm of the State, a *quasi* judicial board supported by

State funds, had no extra-territorial authority and could not spend public funds for the purpose of conducting an examination outside the limits of the State, and was accordingly enjoined.

■ It is not contended that the act complained of will result in either a public or private nuisance. As we have pointed out, there is no invasion of either the property or civil rights of the complainants. Equity will not assume jurisdiction at the instance of a private individual, who shows no special damages, for the sole purpose of declaring one act of a *quasi* judicial board illegal. The decree of the trial court will be reversed and the case dismissed.

*Reversed.*