McCLOSKEY v. SAN ANTONIO PUBLIC SERVICE CO.

No. 8972.

Court of Civil Appeals of Texas. San Antonio.

June 15, 1932.

Rehearing Denied July 13, 1932.

D. A. McAskill and D. H. Zook, both of San Antonio, for appellant.

Templeton, Brooks, Napier & Brown and O. R. Kennon, all of San Antonio, for appellee.

FLY, C. J.

Appellee applied for an injunction to restrain appellant, his servants, agents and employees "from seeking to obtain employment for the defendant from any claimant who has a claim against the plaintiff, by means of personal solicitation by the defendant of such employment, or by procuring others to solicit the employment of the defendant in any such claim, and from mailing or sending any card, letter, communication or message to people who are in accidents where plaintiff is concerned until after they first communicate with the defendant, and from directly or indirectly giving or promising anything of value and promising to pay the court costs and other expenses for such claimant, in order to obtain employment in any such claim, and from instigating and filing suits and claims against the plaintiff in which the defendant has obtained an alleged interest by said unlawful means. * * *" It may with certainty be stated, in the light of a bound volume of facts, containing about three hundred pages, that the facts and circumstances were thoroughly "probed," to use a characteristic journalistic or reportorial term, when speaking of an investigation of any character. After the thorough probing had been completed, the court granted a temporary injunction, as follows:

"Against the said defendant, F. P. McCloskey, enjoining and restraining him, his agents, servants and employees, during the pendency of this suit, from seeking to obtain employment for said defendant from any claimant who has a claim against the plaintiff, San Antonio Public Service Company, by means of personal solicitation by said defendant of such employment, or by procuring others to solicit the employment of said defendant in any such claim, and from mailing or sending any card, letter, communication or message to people who are in accidents where plaintiff is concerned until after they first communicate with the defendant, and from directly or indirectly giving or promising anything of value, and from promising to pay the court costs and other expenses for such claimant, in order to obtain employment in any such claim."

Thirty-six witnesses were heard, and it is regrettable that the expenditure of time and energy did not result in a final judgment forever placing the seal of judicial condemnation on the practices and course of conduct so vividly depicted in the record.

The evidence is overwhelming in establishing that appellant has for years made a business of trampling upon the laws as to barratry in Texas, article 430, P. C. The law is full and complete in defining barratry in its every phase, and the evidence showed an organized system and plan to evade, if not to defy, every provision of the statute. An office was equipped, agents were employed, attorneys held in readiness, and no accident

was reported in which any person was injured, or in the view of the leading spirit of the barratrous concern should have been injured, but that the emissaries of the guiding spirit were turned loose upon him. He gave advice as to seeking a bed in a hospital or at home, counseled as to what doctors should be employed, and what attorneys should be consulted. Cards were issued by appellant, McCloskey, filled with rich counsel born of a ripe experience. It is a unique production and we preserve it. It is as follows:

"28 years experience in successfully adjusting and compromising claims for personal injuries and damage to property.

F. P. McCloskey
Adjuster and Collector
212 Houston Building
(Formerly Frost Bldg.)

Phones
Office Cr. 8361
Res. M. 5418                San Antonio, Texas."

On the back, or reverse side, of the card are directions as to how the injured party should proceed in order that he in his innocence might not blunder in the forays to be made especially upon corporations. We quote:

"What To Do In Case of Accident

"Immediately get names and addresses of witnesses.

"If injured by auto, get number of auto and name and address of driver and owner.

"Do not make or sign any statements for claim agents.

"Send for your own physician and do not permit any other physician to examine you.

"It is unlawful for me to solicit your claim, but it is not unlawful for you to employ me to handle your claim for you.

"I have handled hundreds of these claims successfully, and where prompt settlements are not made with me I employ competent attorneys to file suit without cost to injured party."

With boldness and effrontery the barratrous business was advertised in the daily papers, under a new name of "Adjuster and Collector." The business was a thriving one, and out of sixty-seven suits for personal injuries or deaths filed in Bexar county, in 1931, against the Public Service Company, the "Adjuster" gathered thirty-eight. Nearly a half million dollars were involved in all that litigation. Not only were cases captured before any action had been taken by prospective litigants, but, even after attorneys had been employed, appellant had induced the clients to discharge their attorneys and place their affairs in his hands for adjustment, under the manipulations of attorneys. and doctors chosen by the adjuster. The evidence showed that appellant not only encouraged litigation, but counseled malingering to enhance damages sought to be recovered. Clients were advised, when apparently recovered from a slight injury, to take to their beds and remain there, or in some instances to move about on crutches. The evidence is nauseatingly convincing, and no serious effort seems to be made to combat it.

The bold and flagrant violation of law through many years is being met, not by assailing the facts, not by any justifying or mitigating circumstances, but simply on the ground that appellee has no authority to obtain a writ of injunction to prevent or restrain crime. If that proposition be accepted as sound and founded on law, it has no application to this case. Appellee does not seek to restrain or prevent crime in the abstract, but merely to safeguard its financial interests and to prevent criminal assaults on its property. It is a matter personal to appellee, and a court of equity is invoked to protect its property from marauders who are exploiting it for their unlawful purposes of greed and criminal appropriation of property not their own. Appellee is not seeking to enforce any criminal law, but is asking that it be protected from a criminal appropriation of its property. Its injunction will not prevent infractions of the law against barratry, but merely prevent outbreaks against its property.

In the case of McCloskey v. San Antonio Traction Co., 192 S. W. 1116, this court held that McCloskey was not liable for barratry, because the statute did not provide for the punishment of any one but attorneys in cases of barratry, and as an answer to that ruling the Legislature amended the statute so as to reach any citizen offending against the charge of barratry. Article 430, Penal Code. The statute had no deterring effect or restraining influence on the actions of appellant, who advertises, in effect, that he has been offending against the provisions of the barratry act for twenty-eight years. This is a sad commentary on the enforcement, or rather nonenforcement, of a criminal law for over a quarter of a century. The offense was committed openly and not only without concealment, but in rather a boasting style, as tending to show proficiency and a past mastership in ignoring the law. Almost everything under the ban of the barratry act was done by appellant, even to the maintenance of litigants during the pendency of litigation.

The writ of injunction was a proper exercise of the equity powers of the court.

The judgment is affirmed.