R. M. SLOAN, M. D., *etc., et al. v.* R. B. MITCHELL

(CC. No. 469)

Submitted January 11, 1933.   Decided March 28, 1933.

*Samuel Biern* and *Rolla D. Campbell*, for plaintiff.

*Arthur S. Dayton*, Chairman of Committee on Unauthorized Practice of Law of West Virginia Bar Association as *amicus curiae*.

*Daugherty & Daugherty*, for defendant.

MAXWELL, PRESIDENT:

On this certification there is presented the question of the sufficiency of a bill in chancery. The trial chancellor sustained a demurrer to the bill and certified his action to this Court for review.

The plaintiff, a licensed physician under the laws of this state, prosecutes the suit for the benefit of himself and all other physicians similarly situated. The purpose of the suit is to enjoin the defendant from practicing the profession of a physician and surgeon in this state without a license.

In the bill as amended it is alleged that the plaintiff has been a licensed practitioner of medicine and surgery in the state of West Virginia for eight years and that for the greater part of that time he has maintained, and now maintains, an

office in the city of Huntington for the practice of his profession; that for several years last passed the defendant has been, and is now, practicing the profession of medicine and surgery in the said city without "license, franchise, or right from the State of West Virginia so to do"; that the defendant is now treating, and for several years has been treating, in said city, numerous persons for various kinds of ailments and infirmities, and purports to diagnose diseases and to prescribe treatment, and that for his services as a practicing physician and surgeon he charges and receives monetary reward; that the defendant refers to himself in newspaper advertisements as "Dr. R. B. Mitchell", and describes his office as "Mitchell General Health Center"; that he holds himself out as having the right to practice medicine and surgery; that the defendant's said conduct is in violation of article 3 of chapter 30 of the Code of West Virginia of 1931, which article forbids any person to practice medicine and surgery in this state without a license from the State Public Health Council; that the practicing of medicine and surgery is not a common right, but a privilege to be exercised only by virtue of a public grant; that the right of plaintiff and those similarly situated to practice medicine and surgery is in the nature of a franchise, and that they have such interest as is in the nature of a property right which entitles him and them to equitable relief against encroachment upon such right by one not possessing the required qualifications and license; that the said conduct of the defendant is resulting in irreparable injury to the plaintiff and those in whose behalf he sues.

We are of opinion that these allegations present a proper prima facie case for equity jurisdiction.

We approve the reasoning of the court and the conclusions reached in the case of *Dworken* v. *Apartment House Association*, 176 N. E. 577, decided by the Court of Appeals of Ohio March 9, 1931, which decision the Supreme Court of that state refused to review, by order of June 10, 1931. The plaintiff, a licensed attorney, practicing his profession in the courts of the state of Ohio and elsewhere, instituted suit for the benefit of himself and all other attorneys at law similarly situated to enjoin the defendant, a corporation, from practicing law in said state. It was alleged that the defendant practiced law

by hiring attorneys to carry on the work of the practice of law, and that the defendant advertised that it had a legal department for the use of others. The court held:

> "The right to practice law is an exclusive valuable privilege; exclusive in that it is restricted to those who, after special training and after examination and determination of special fitness, are accorded the right to follow the profession of attorneys and counselors at law; and valuable, in that it carries with it the opportunity to secure material benefits and to earn a livelihood, not given to those outside the profession. This right is in the nature of a franchise, and a practicing attorney at law, and others similarly situated, have such an interest as members of the legal profession, in the nature of a property right, as will support the authority of such attorney at law to proceed, as a proper party, in an action to secure equitable relief against encroachment upon such right by a corporation."

By various authorities cited in the opinion the court sustains the propositions, "that the right to practice law is in the nature of a franchise from the state", that "franchises are property and are frequently invested with the attributes of property generally," and that "equity is not restricted to the protection of property rights, in any technical or limited sense." The court distinguishes that case from the Ohio case of *Merz* v. *Murchison,* 30 Cir. Ct. Rep. 646, decided in 1908. There, the plaintiff, a physician, was refused an injunction to restrain the defendant from practicing chiropody without a medical license. In the *Dworken* opinion, the court said: "The action in *Merz.* v. *Murchison,* was by a physician, not for his class, against an individual who had committed an offense punishable by criminal statute, and the court properly held that under the facts of that case injunction would not lie. The syllabus seems to be more comprehensive than the opinion. The right of the plaintiff in the action now before us is based upon broader grounds than was that of Merz in the Erie county case."

Cases are legion holding, in one way or another, that the right of a licentiate to practice his profession is a property right, or a right in the nature of a property right, or a valu-

able franchise, or a valuable privilege. Most of these cases are the outgrowth of proceedings for the revocation of professional licenses, but their recognition of the high order of the licentiate's right is as pertinent in a case such as at bar as in the cases where iterated. "The right of a person to practice the profession for which he has prepared himself is property of the very highest character." *Cavassa* v. *Off et al.*, (Cal.) 274 P. 523. "The right to practice medicine is, like the right to practice any other profession, a valuable property right, in which under the Constitution and laws of the state, one is entitled to be protected and secured." *Hewitt* v. *Board of Medical Examiners*, (Cal.) 84 P. 39, 3 L. R. A. (N. S.), p. 896. "The right of a physician to practice his profession is a property right, of which he cannot be arbitrarily deprived." *Butcher* v. *Maybury*, 8 Fed. (2d) 155. "Right to practice medicine is property right, of which one cannot be illegally deprived." *State Board of Medical Examiners* v. *Friedman*, (Tenn.) 263 S. W. 75. "The right of a physician to toil in his profession as well as that of all other citizens to labor in their chosen work is both liberty and property, partaking of the nature of each, and is guaranteed by constitutional mandate from unwarrantable interference. * * * This right with all its sanctity and safeguards is not absolute. It must yield to the paramount right of government to protect the public health by any rational means." *Lawrence* v. *Briry*, (Mass.) 132 N. E. 174. In *State ex rel. Spriggs* v. *Robinson*, (Mo.) 161 S. W. 1169, the court referred to the case of *State* v. *McElhinney*, (Mo.) 145 S. W. 1139, holding that the right of a licensed attorney to practice law is "a valuable property right." The court said: "By analogy, it must be admitted that if the right of an attorney to practice law is a property right, then the duly licensed physician has a property right, protected at least by such safeguards as the legislature has thrown around it." A licensed physician has a right and an estate in his profession of which he cannot be deprived without due process of law. *Dent* v. *West Virginia*, 129 U. S. 114. "The right to practice law is in the nature of a franchise from the state conferred only for merit." *State* v. *Retail Association*, 43 S. W. (2d) 918. A lawyer's right to appear in court as an attorney for others is "property" and cannot

be taken from him except by due process of law. *State* v. *Sachs,* (Wash.) 26 P. 865, 26 Am. St. Rep. 857. The right of a licensed attorney to practice his profession "is both liberty and property, partaking of the nature of both, and is guaranteed by constitutional mandate against unwarrantable interference." *Bar Asso.* v. *Sleeper,* (Mass.) 146 N. E. 269. Other cases examined by us which recognize that the right of a licensed attorney to practice his profession is a property right, are *State* v. *McElhinney,* (Mo.) 145 S. W. 1139; *Ex parte Wall,* 107 U. S. 265; *Paul* v. *Stanley,* (Wash.) 12 P. (2nd) 401; *Ex parte Robinson,* 19 U. S. 505. "The right to practice dentistry, acquired by several years of study and training, is a property right which is not to be taken away on mere suspicion or conjecture." *Bley* v. *Board of Dental Examiners,* (Cal.) 261 Pac. 1036. "The right to practice dentistry, like the right to practice any other profession, is a valuable personal right, in which, under the constitution and laws of the state, one is entitled to be protected and secured." *Abrams* v. *Jones, Comr.,* (Idaho) 207 Pac. 724. "A person's business, profession, or occupation is at the same time 'property', within the meaning of the constitutional provision as to due process of law, and is also included in the right to liberty and the pursuit of happiness." *People* v. *Love,* (Ill.) 131 N. E. 809.

The fact that criminality is involved in certain conduct does not prevent a court of equity from entertaining jurisdiction to enjoin such conduct. 2 Lawrence on Equity Jur., sec. 1099; *State* v. *Ehrlick,* 65 W. Va. 700, 64 S. E. 935; *Coal & Coke Ry. Co. v. Conley et al.,* 67 W. Va. 129, 67 S. E. 613. "There are certain conditions under which an injunction may be issued to enjoin the continuation of certain acts or conduct although they are made crimes, and punishment is provided for the person guilty of them." *People ex rel.* v. *Universal Chiropractors' Asso.,* (Ill.) 134 N. E. 4. "A court is not powerless to prevent the doing of an act merely because it is denounced as a public offense." *State* v. *Lindsay,* (Kan.) 116 Pac. 207. While some of the courts seem to accentuate the doctrine that equity will not ordinarily take cognizance of a case for the prevention of alleged improper conduct where it appears that there is a statutory penalty for such conduct,

512

as illustrated by the cases of *Drummond* v. *Rowe*, (Va.) 156 S. E. 442, and *State* v. *Maltby*, (Neb.) 188 N. W. 175, a more liberal, modern view is not without much to be said in its favor as indicated by the reasoning and holding of the court in *Board of Dental Examiners* v. *Payne*, (Ky.) 281 S. W. 188. That case was for the purpose of enjoining the defendant from practicing dentistry without a state license, for which conduct a penalty was prescribed by a statute of the state. The court sustained the right of the plaintiffs to the injunction which they sought, although the court expressly gave recognition to the principle that ordinarily injunction will not lie to prevent the commission of crime. The court said:

> "It is freely admitted that equity will not enjoin the commission of a crime as such, as, for instance, it will not enjoin one from carrying concealed deadly weapons or from committing any other crime whether it be a felony or misdemeanor, where nothing else is involved except the commission of the crime; but, where the chief purpose of the statute is to provide for the public welfare by regulating (not prohibiting) some already lawful calling and only provides a. penalty for refusing to comply with such regulations, and which penalty is enacted as a punishment for such refusal, we can discover no logical reason why a court, in administering the laws of its jurisdiction, would be powerless to prevent the doing of the prohibited act merely because a penalty (only nominal in this case) is attached for a refusal to comply with the regulation."

To sustain the trial chancellor, the defendant relies upon the two cases of *State* v. *Biggs*, (N. C.) 46 S. E. 401, and *Dean* v. *State*, (Ga.) 106 S. E. 792. The *Biggs* case involved a prosecution of the defendant for practicing medicine and surgery without a state license. The court said: "The only acts that he is found by the verdict to have performed are that 'he administers massage baths and physical culture, manipulates the muscles, bones, spine, and solar plexus, and kneads the muscles with the fingers of the hand; he writes no prescriptions as to diet, but advises his patients what to eat and what not to eat; all the above treatment is administered to the exclusion of drugs.' " The court held that this conduct did

not involve a criminal offense and that the portion of the medical and surgical act under which the conviction was sought to be sustained was monopolistic in nature and therefore at variance with a provision of the state constitution. The case is in no wise applicable to the case at bar. In the *Dean* case, the court held that injunction may not be maintained at the instance of the state to prevent a person from engaging in the practice of chiropody without a license on the sole ground that the defendant was violating a criminal statute of the state. That case, likewise, is not pertinent to the inquiry before us.

For the reasons stated, we are of opinion that the trial chancellor should have overruled the demurrer to the bill. Therefore, we reverse the decree, overrule the demurrer and remand the cause for further proceedings not at variance herewith.

*Reversed and remanded.*