Lawrence A. Smith, Appellant, v. Illinois Adjustment
Finance Company et al., Appellees.

Gen. No. 10,012.

Heard in this court at the February term, 1945. Opinion filed October 22, 1945. Released for publication November 12, 1945.

LAWRENCE A. SMITH, of Savanna, *pro se.*

ECKERT & ECKERT and WESLEY A. EBERLE, all of Freeport, for appellees.

FRED A. GARIEPY and THOMAS J. BOODELL, both of Chicago, *amici curiae,* and Charles Leviton, of Chicago, of counsel.

MR. JUSTICE WOLFE delivered the opinion of the court.

In October 1943, Lawrence A. Smith, plaintiff, filed his complaint in the circuit court of Carroll county against the defendants, Illinois Adjustment Finance Co., an Illinois corporation; H. J. Haithcox, alias Henry J. Haithcox; E. T. Hirst; and Odile Rolinger, alias O. E. Rolinger. Said complaint alleges that plaintiff is, and since October 1931, has been, duly admitted and licensed to practice law in the State of Illinois; that by virtue of such license and franchise, plaintiff has during said period of time practiced, and now practices, law in this State; that for more than six years just past plaintiff has maintained, and now maintains, an office in the City of Savanna, Illinois, for the purpose of practicing law. As a result of his individual efforts and activity during said period of time as such attorney, plaintiff now has a law practice of considerable value to him, from which he enjoys and derives compensation and income.

Said complaint further alleges that the defendant, Illinois Adjustment Finance Co., is, and for more than 15 years has been, an Illinois corporation engaged in the business commonly known as a "collection agency," with an office in Freeport, Illinois, and that it conducts and operates said "collection agencies" in the counties of Stephenson and Carroll and other parts of the State of Illinois; that the other defendants herein are officers, employees and agents of said defendant corporation in conducting and operating said "collection agency"; that none of the defendants has ever been admitted or licensed to practice law in the State of Illinois.

Said complaint further alleges that said defendants have for several years last past, in connection with the operation of said "collection agency," unlawfully engaged in, and yet unlawfully engage in, the practice of law in said Stephenson and Carroll counties and other parts of the State, and have held, and now hold, themselves out to the public in said counties and other parts of the State of Illinois, as qualified to practice law in this State. Said complaint then sets forth numerous acts of said defendants constituting the unlawful practice of law. The complaint alleges that the Supreme Court of the State of Illinois, under the provisions of the Constitution of the State, has sole charge of the admission and enrollment of attorneys to practice law in this State, and also has the control and discipline of those persons whom it admits to the practice of law in the State of Illinois, and that when attorneys are admitted by the Supreme Court to practice law in this State, such attorneys become and are thereupon and thereafter officers of the various courts of the State of Illinois, and are properly entitled to assist and aid the courts of this State in the administration of justice therein.

Said complaint further alleges that the right to practice law as a duly licensed attorney at law in the State of Illinois is a valuable franchise and is so con-

sidered and esteemed by the plaintiff herein, and that he is responsible to the Supreme Court of said State for his conduct and general practice, while persons practicing law in the State of Illinois without being duly licensed so to do, such as the defendants herein, have no right of franchise and are not responsible for their conduct as officers of the court, to the Supreme Court of the State of Illinois, nor to any court of the State.

In said complaint plaintiff prays for a permanent injunction perpetually and permanently enjoining and restraining said defendants, their officers, employees and agents, from practicing law in the State of Illinois in any manner or form whatsoever.

The defendants entered a motion to dismiss the complaint, which is as follows: "Now come the defendants, The Illinois Adjustment Finance Co., a corporation, H. J. Haithcox, E. T. Hirst and Odile Rolinger, by Eckert & Eckert and Wesley A. Eberle, their attorneys, and move this Court to dismiss the complaint of the plaintiff, Lawrence A. Smith, filed herein for injunction on the ground that: (1) That the plaintiff, Lawrence A. Smith, has an adequate remedy at law; (2) that there is no showing and no allegation of sufficient interest, injury or damage to the plaintiff, Lawrence A. Smith, in the subject matter of said cause to entitle him to the relief sought; (3) that the complaint of the plaintiff herein does not state or set up a cause of action against the said defendants."

Hearing was had upon this motion, and the court entered an order sustaining the motion to dismiss the complaint, said order being as follows: "This cause having heretofore been heard by the Court and taken under advisement, and the Court being fully advised, it is ordered that the motion to strike complaint is sustained." From this order of dismissal, the plaintiff, Lawrence A. Smith, has perfected an appeal to this court.

The Illinois State Bar Association, through its attorney, Fred A. Gariepy, and chairman of the committee on the unauthorized practice of law, and the Chicago Bar Association, by its attorney and chairman of the committee on unauthorized practices of law, were granted leave to file a brief and argument as *amicus curiae* to assist the court in arriving at the proper conclusion in this case.

■ The first error assigned by the appellant is that the trial court erred in sustaining the defendants' motion to dismiss the complaint, since it does state a good cause of action against the defendants. The appellees insist that this question was not decided by the trial court, and therefore is not an issue in the Appellate Court. The order of dismissal of the trial court does not state on what grounds the opinion was based, but we will have to assume that the court considered all points raised by the pleadings in the motion to dismiss. The third point of the motion, as before stated, being that the complaint does not state or set up a cause of action against the defendant. We agree with the appellant that this point was necessarily raised in the trial court. It is urged in the appellees' brief that the petition does not state facts, but conclusions of the pleader. Some of the criticism, no doubt, is well taken, but an examination of the petition discloses that there are enough facts well pleaded, if there is proof to sustain them, to prove that the defendants are guilty of the unauthorized practice of law. It is our conclusion that the complaint does state a good cause of action.

■ ■ The next point raised is, that the plaintiff has an adequate remedy at law. They cite three cases as sustaining this contention, namely, *People v. Universal Chiropractors' Ass'n*, 302 Ill. 228, *Seager v. Kankakee County*, 102 Ill. 669 and *Wollitzer v. National Title Guaranty Co.*, 148 Misc. 529, 226 N. Y. S. 184. It is claimed by the appellees that because the

corporation could be subjected to a criminal prosecution for the unauthorized practice of law, and that quo warranto proceedings could be filed against the defendants, the plaintiff does have a complete and adequate remedy at law to stop the unauthorized practice of law by the appellees. The decisions of the courts do not sustain this contention. If the injunction in this case is ordered, it would not prevent the state's attorney from prosecuting the appellees for the illegal practice of law, or would not prevent him from filing a quo warranto proceeding, but those would be additional remedies to stop the unauthorized practice of law. The appellees placed considerable reliance upon the case of *People v. Chiropractors' Ass'n, supra.* In the chiropractor case, the court says that the practice of chiropractic is not a nuisance *per se,* for the Statute recognizes it as a useful and legal method of treating human ailments. *People v. Love,* 298 Ill. 304. In the present case, under no circumstances, can the defendant, a corporation, lawfully practice law. It is admitted by the pleadings that the appellee has been prosecuted, and has paid a fine for the illegal practice of law, and that there is another suit pending against it for the same offense. It seems clear that the prosecution of this corporation for the illegal practice of law, has not been a complete and adequate remedy to prevent the same.

The second point is, that the plaintiff does not show sufficient interest, or injury to himself in the subject matter of the suit to enable him to the relief sought. This question is so closely related to the first one, that they will be discussed together, as the courts have discussed them in numerous other jurisdictions.

It will be observed that the complaint alleges that the plaintiff brings this suit as a duly licensed practicing attorney of the State of Illinois, in his own behalf, and all the attorneys of Carroll county and the State of Illinois; that he has a valuable franchise,

which it is so considered by and esteemed by him; that he is responsible to the Supreme Court of the State of Illinois for his actions as such attorney, and that the defendants have no right or franchise, and are not responsible to the Supreme Court of Illinois, nor any other court in regard to their conduct. In the case of *People v. Love, supra,* it is stated, a person's business, profession or occupation is, "property," within the meaning of the constitutional provision as to due process of law, and is also included in the right to liberty and the pursuit of happiness. This language is used in discussing the right of a chiropractor to practice his profession in the State of Illinois.

Perhaps the leading cases in the United States on the unauthorized practice of law are *Dworken v. Cleveland Auto Club,* 29 Ohio N. P. N. S. 607, also *Dworken v. Apartment House Owners Ass'n of Cleveland,* 38 Ohio App. 265, 176 N. E. 577. The latter case is so similar to the case we are now considering that we quote part of the court's opinion. "Plaintiff, Jack B. Dworken, is a practicing attorney at law, duly admitted in all the courts of record in the State of Ohio and in several of the courts of the United States of America. He instituted this action in the common pleas court for the benefit of himself and all other attorneys at law similarly situated, and on behalf of the public and courts of Cuyahoga county.

"Plaintiff alleges that as such attorney at law he is practicing by virtue of a franchise granted to him by the Supreme Court of Ohio and the United States courts; that he has been practicing for a period of seventeen years, and has built up a large and valuable practice; that the defendant Apartment House Owners' Association of Cleveland is a corporation duly organized and existing under the laws of the state of Ohio; that such corporation has not the right to engage in professional business, and has not the right to practice law, or maintain a legal department, or

hire and employ attorneys at law to carry on said practice of law for the benefit of others; that said defendant, in violation of law and its articles of incorporation, advertised that it has a legal department for the use of others; that it maintains a law department and practices law by hiring attorneys at law to carry on the work of the practice of law; that such advertising has been carried on for a number of years; that it was done for the purpose of inducing the public to become members of the said corporation; that the acts of the defendant are illegal, contrary to the rights of the plaintiff, all other attorneys at law, the public, and the courts, and tend to bring the legal profession and the administration of justice and law into bad repute; that plaintiff and others similarly situated have no adequate remedy at law and will be irreparably damaged if an injunction is not issued against the defendant. The prayer is that an injunction issue restraining the defendant, its officers, agents, directors, trustees, and attorneys, from advertising that it maintains a legal department for the benefit of its members and others, from maintaining a legal department or carrying on the practice of law through itself, its officers, agents, directors, trustees, or attorneys. The defendant filed a general demurrer to the petition, and an answer in the nature of a general denial.

"The case came on for trial to a common pleas court judge, who overruled the demurrer, and found that the defendant association was engaging in the practice of law; that such acts were an invasion of the franchise enjoyed by plaintiff and all other attorneys at law regularly practicing at the Cuyahoga county bar; and granted the injunction as prayed. From this action of the trial court, an appeal is prosecuted by defendant to this court. In this court no question determined by the common pleas court save one is challenged, namely, the right of the plaintiff to maintain

the action. In support of this claim three propositions are urged by counsel for defendant: First, plaintiff does not have the right to invoke the equitable jurisdiction of this court, because admission to the bar, and license to practice law, is a personal privilege and not a property right. Second, no injury to property rights or special damage to plaintiff appearing, equity will not restrain the violation of public or penal statute. Third, the remedy at law is adequate, either by proceeding under the penal statute or by quo warranto proceedings."

It will be observed that the very same questions are discussed by the court that we have now before us, and it is there stated: "No court has held that the right to practice law is a civil property right in its full import, but it is obvious that it is a valuable privilege, carrying with it the opportunity to secure material benefits and to earn a livelihood not given to those outside the profession. Such privileges are exclusive in that they are restricted to a class of individuals, who, after continued and special training by way of general education and legal preparation, and after examination and determination of special fitness, are accorded the right to follow the profession of attorneys and counselors at law. This right has been designated a right in the nature of a franchise. A franchise has been defined as the privilege of doing that which does not belong to the citizens of the public generally by common right. *Irvine Toll Bridge Co. v. Estill County,* 210 Ky. 170, 275 S. W. 634.

"*In Matter of Co-Operative Law Co.,* 198 N. Y. 479, 92 N. E. 15, 16, 32 L. R. A. (N. S.) 55, 139 Am. St. Rep. 839, 19 Ann. Cas. 879, it is said: 'The practice of law is not a business open to all, but a personal right, limited to a few persons of good moral character, with special qualifications ascertained and certified after a long course of study, both general and professional, and a thorough examination by a state

board appointed for the purpose. The right to practice law is in the nature of a franchise from the state conferred only for merit.' ''

The court states in its opinion that the action is not brought for the punishment of the corporation for the illegal practice of law, but it is to prevent the continuance of such illegal practice and sums up as follows: ''We are of the opinion that the plaintiff and all those similarly situated as members of the legal profession have an interest in the nature of the property right, such as will support the authority of the plaintiff, in this action to proceed as a proper party.'' This case was cited with approval by our Supreme Court in *People v. People's Stockyard State Bank,* 344 Ill. 462. Every point raised by the appellees in this appeal has been discussed and decided adversely to them in the *Dworken* case just referred to.

In the case of *Stewart Abstract Co. v. Judicial Commission of Jefferson County,* the court of civil appeals of Texas reported in 131 S. W. 2d 686, suit was started to enjoin the Abstract Company from engaging in the illegal practice of law. In discussing the merits of the case, the court uses this language: ''The next question then is: Did the trial court have power to enjoin the illegal practice of law. We think unquestionably the courts do have such power. *McCloskey v. San Antonio Public Service Co.,* Tex. Civ. App., 51 S. W. 2d 1088, writ refused. Unauthorized practice of law constitutes a contempt of court. *People ex rel. Ill. Bar Ass'n v. People's Stock Yards State Bank,* 344 Ill. 462, 176 N. E. 901; *Clark v. Austin,* 340 Mo. 467, 101 S. W. 2d 977. Injunction is a proper remedy to prevent unlawful practice of law when asked by attorneys acting for themselves and other affected members of their profession. *Fitchette v. Taylor,* 191 Minn. 582, 254 N. W. 910, 94 A. L. R. 356, Supreme Court of Minnesota. And a corporation may be restrained by injunction from the performance of acts which consti-

tute the practice of law. *Dworken v. Apartment House Owners Ass'n of Cleveland,* 38 Ohio App. 265, 176 N. E. 577. The practice of law vitally affects the public interest and the courts have power to enjoin unlawful practice, or take such other steps within their constitutional powers as may be necessary to suppress such practice.''

In the case of *Fitchette v. Taylor,* Supreme Court of Minnesota [191 Minn. 582], 254 N. W. 910, a case brought to enjoin the defendants from the illegal practice of law, the syllabus of the case is written by the court and is as follows: ''1. If for compensation, counsel as to legal status and rights of another and conduct in respect thereto constitutes the practice of law. Such practice by laymen is unlawful. 2. The criminality of an act, or series of acts, does not bar injunctive relief if otherwise there is ground for it. 3. Injunction is a proper remedy to prevent such practice, when asked by attorneys acting for themselves and other affected members of their profession. The character of their special right to practice law, as a special privilege or franchise and so a property right, is enough to justify relief by injunction.''

In the case of *Rhode Island Bar Ass'n v. Automobile Service Ass'n,* reported in 179 Atlantic reporter at page 139, the Supreme Court of Rhode Island [55 R. I. 122], in discussing the remedy for illegal practice of law states: ''They say they have not violated this statute, but if they have, then there is a remedy for their offense in the criminal court and, therefore, there is no need for this contempt proceeding. They assume that the act of the general assembly defines for all purposes the practice of the law and takes the matter out of the control and supervision of this court. That is not so. It may be pointed out here that the same act of a person may constitute a violation of the criminal law and also may constitute such a violation of his equitable duties towards others as to justify

the use of the equity powers of the court, notwithstanding the punishability of his conduct as a crime. It has been urged that this would be using the equity powers of the court to punish crime, but this objection has been held untenable. The rule is now well established that the two jurisdictions are separate and distinct, but may apply to the same conduct. In like manner, unauthorized practice of the law may constitute a violation of the criminal law and be punishable as such, and yet may constitute at the same time a contempt of the authority of the court which may be forbidden by injunction. "Ordinarily, injunction does not lie merely to prevent commission of crime. But the criminality of an act or series of them does not bar injunctive relief if otherwise there is ground for it."

In the case of *Childs v. Smeltzer,* (Supreme Court of Pennsylvania [315 Pa. 9], reported in 171 Atlantic 883), the court held that injunction was the proper remedy to prevent the illegal practice of law. In the case of *In re Morse,* Supreme Court of Vermont [98 Vt. 85] reported in 126 Atlantic reporter 550, charges were filed in the lower court alleging that the defendant was engaged in illegal practice of law, and should be held in contempt of court. The respondent answered the complaint, admitted the facts, but denied that he did anything that he did not have a legal right to do, and claimed that the court had no right to punish him for contempt of court, but that he was entitled to a trial by jury in the courts of the county where the suit was started. The court held that the suit was properly brought, and that the court had power to punish the offender for contempt of court.

In the case of *Paul v. Stanley* (Supreme Court of Washington [168 Wash. 371], reported in 12 Pacific reporter, second series 401), two attorneys licensed under the State of Washington to practice law, started suit for the purpose of enjoining the defendant from

practicing law without a license. It was contended that the lawyers did not have such an interest in the suit, and could not maintain their suit, and also that the practice of law without a license was punished criminally, therefore an injunction would not lie. The court held that although the defendant could be punished criminally, the plaintiffs were entitled to equitable relief by injunction, and restrained the defendant from the further practice of law.

In the case of *O'Neil v. People,* 113 Ill. App. 195, the defendant was being prosecuted for contempt of court for soliciting a bribe while serving as a juror in a civil case. The defense was that the court did not have jurisdiction of the case, because the offense was punishable in a criminal action. In discussing this contention, the court on page 201 of the opinion uses the following language: "The contention that inasmuch as the specific act charged—soliciting a bribe—constituted a crime under the statute, plaintiff in error can only be held responsible and punished therefor after indictment and trial by jury, is equally untenable. If the act complained of is a contempt of court, the fact that it may be declared to be a crime by statute does not make it any less a contempt of court, nor does it change the character or nature of the offense, or deprive the court of its inherent right to protect itself by imposing proper punishment therefor. The court undoubtedly has power to punish for contempt any attempt to corrupt or unlawfully influence jurors in a case pending before the court, notwithstanding the guilty party may likewise be indicted for the same offense. This power is necessary to enable the court to administer justice. *Gandy v. State,* 13 Neb. 445; *Telegram Co. v. Commonwealth,* 172 Mass. 159. As the proceeding is solely to protect public justice from obstruction, the accused is not entitled to trial by jury. Rapalje on Cont., sec. 112, and cases there cited."

In the case of the *People v. People's Stockyard State Bank, supra,* it is stated: "Attorneys are officers of this court and their conduct as such is subject to supervision by it. They are, in effect, a part of the judicial system of the State. The power to prescribe the qualifications which will entitle an applicant to be admitted to the bar is judicial, as is also the power to discipline or disbar attorneys for ' professional misconduct either in court proceedings or their relations with clients outside of court."

In the opinion in a recent case (*In re Morse, supra*), the Supreme Court of Vermont held that since it had exclusive power with respect to the admission and licensing of attorneys to practice in that State, it necessarily had the power in an original proceeding to punish an unauthorized person who had acted as an attorney in a justice of peace court of that state.

In the case of *Chicago Bar Ass'n v. United Taxpayers of America,* 312 Ill. App. 243, the bar association brought a suit for injunction in the superior court of Cook county to restrain the defendants from the illegal practice of law. The court issued an injunction restraining the defendants from such practice, and the Appellate Court of the first district sustained the action of the lower court. In the case of *People ex rel. Chicago Bar Association against Thomas V. Novotny, Sr.,* 386 Ill. 536, the Supreme Court held the respondent guilty of contempt of court for the illegal practice of law.

■■ In the case of the *People v. Goodman,* 366 Ill. 346, an information for contempt was filed in the Supreme Court charging the respondent with the illegal practice of law. The court held that an unlicensed person practicing law is a contempt to the court, and should be punished for the same. In the court's opinion, it uses this language: "It would be anomalous situation if a layman actively engaged in the practice

of law, in defiance of the requirements necessary therefor announced by this court, could stay the hand of the court from *suppressing* his illegal acts. The practice of law, both in courts and out of courts by one not licensed is an illegal usurpation of the privilege of an attorney and is a contempt of this court.'' Further in the opinion, it is stated: ''The right to practice law is in the nature of a franchise, but the holder thereof may not incorporate himself and assign his franchise to such corporation and pass the right on to others. The privilege to practice law is personal to the holder of the right.''

In the case of *Land Title Abstract & Trust Co. v. Dworken,* decided by the Supreme Court of Ohio, 129 Ohio State 23, 193 Northeastern reporter page 650, we find the following: ''It is quite generally held that the right to practice law conferred by the state is a special privilege in the nature of a franchise, and that the holder thereof may be protected from the invasion of the right thus vested in him. The adequate remedy for such invasion is by injunction, and that is so whether the transgressor is an individual or a corporation, though, as to the latter, as contended, quo warranto would lie.

''A recent case directly in point is that of *Unger et al. vs. Landlords' Management Corporation, supra* [114 N. J. Eq. 68], where the court held that the right to practice law exists by virtue of a license from the state and may be protected from unlawful encroachment by injunction, though the act complained of is a violation of statute which prescribes a penalty.''

In the case of *Unger v. Landlords' Management Corp.,* a New Jersey case [114 N. J. Eq. 68], reported in 168 Atlantic 229 we find the following: ''It is not necessary to cite authorities for the proposition that this court has inherent power to protect by injunction rights in property from irreparable damage threatened by unlawful acts. And the right to practice law is such a property right as will be protected by in-

junction. In the language of Justice FIELD in *Bradley v. Fisher,* 13 Wall. 335, 355, 20 L. Ed. 646, at page 652: "Admission as an attorney is not obtained without years of labor and study. The office which the party thus acquires is one of value, and often becomes the source of great honor and emolument to its possessor. To most persons who enter the profession, it is the means of support to themselves and their families. To deprive one of an office of this character would often be to decree poverty to himself and destitution to his family."

"Likewise, the jurisdiction of the Court of Chancery to enjoin a threatened irreparable injury to property, although it may involve a crime, is settled. *Cumberland Glass Manufacturing Company v. Glass Bottle Blowers' Association,* 59 N. J. Eq. 49, 56, 46 A. 208; hence it is immaterial that one who practices law without a license commits a criminal offense."

■■ From the above quoted cases, it is clear that the highest courts of other States have repeatedly held an attorney is the proper party to bring the suit, and that an injunction is the proper remedy, for the unauthorized practice of law. Our attention has not been called to any case holding to the contrary except *Wollitzer v. National Title Guaranty Co., supra,* which was not decided by a court of review. In the case of the *People v. Universal Chiropractors' Ass'n, supra,* the court based its decision on the fact that the practice of chiropractic is lawful. In the present case, under no circumstances could the defendant be authorized to practice law. To enjoin them from the unauthorized practice of law, could in no wise take away any right that they have.

It is our conclusion that the court erred in dismissing the complaint, and the order dismissing the same is hereby reversed, and the cause remanded to the circuit court of Carroll county with directions to overrule the motion to dismiss the suit.

*Reversed and remanded with directions.*