(No. 33898.—)

H. C. Burden *et al.*, Appellants, *vs.* Herman C. Hoover *et al.*, Appellees.

*Opinion filed May 23, 1956—Rehearing denied September 24, 1956.*

Daily and Bristow, JJ., dissenting.

Cox, Smith & Bassett, of Wood River, for appellants.

A. M. Fitzgerald, and Walter T. Day, both of Springfield, for appellees.

Mr. Chief Justice Hershey delivered the opinion of the court:

The plaintiffs, licensed chiropractors, brought suit in the circuit court of Madison County to enjoin the defendants from practicing chiropractic without a license. The court dismissed the complaint for want of equity, and the Appellate Court affirmed. (7 Ill. App.2d 296.) We granted leave to appeal.

The five plaintiffs, who practice their profession in Madison County, are licensed under the Illinois Medical Practice Act (Ill. Rev. Stat. 1955, chap. 91, par. 11,) to treat human ailments without drugs or operative surgery. This type of license is commonly referred to as a limited license in order to distinguish it from that license which authorizes one to practice medicine in all of its branches. The three defendants, however, who also practice in Madison County, are not licensed.

By their complaint, the plaintiffs charge that as a direct result of the plaintiffs and the defendants maintaining offices in the same area, treating patients with similar physical defects and ailments, the practice of the plaintiffs is thereby limited, and the plaintiffs' income from the practice of their profession is lessened and reduced. Moreover, they allege that they have attempted on many occasions to procure criminal prosecution of the defendants as provided by law, but efforts in this regard have been unsuccessful.

In a motion to dismiss, the defendants state that the plaintiffs have an adequate remedy at law, presumably by

criminal prosecution. The court allowed the motion and, after the plaintiffs elected to stand by their complaint, dismissed the cause for want of equity.

The plaintiffs contend that their professional licenses are in the nature of franchises which confer valuable property rights and which a court of equity should protect, even though the conduct complained of is a breach of the criminal law. The defendants insist that no grounds for equitable jurisdiction are alleged and that the remedy at law is adequate.

It is fundamental that courts of equity do not have jurisdiction to enjoin the commission of a crime, but courts have recognized that if grounds for equitable intervention are present an injunction may issue even though the conduct objected to is also a crime. Those cases in which relief has been granted in a situation of this type have usually been based on one of two theories: (1) the license is a franchise in the nature of a property right which equity will protect, (see, *e.g., Neil* v. *Gimbel Bros. Inc.* 330 Pa. 213, optometrists; *Sloan* v. *Mitchell,* 113 W. Va. 506, physicians; *Smith* v. *Illinois Adjustment Finance Co.* 326 Ill. App. 654, attorneys) ; (2) the unlicensed practice may constitute a public nuisance, which equity will abate. (See, *e.g., People ex rel. Bennett* v. *Lamon,* 277 N.Y. 368, chiropractors.) Other reasons have been suggested, such as the prevention of unfair competition, but rarely constitute the basis of a decision. (But cf. *Seifert* v. *Buhl Optical Co.* 276 Mich. 784.) However, both of the foregoing theories have on occasion been rejected. For example, New Jersey refused to follow the franchise theory in a case involving chiropodists (*Mosig* v. *Jersey Chiropodist, Inc.* 122 N. J. Equity, 382, 194 Atl. 248,) and this court rejected the nuisance theory in a case involving chiropractors. *People ex rel. Shepardson* v. *Universal Chiropractors' Association,* 302 Ill. 228.

The cases are in conflict; but the apparent weight of

authority, especially as reflected in the later decisions, favors injunctive relief. See McClintock on Equity, pp. 400-1; Downey, "Illegal Practice of the Professions— Licensed Practitioner's Right to Enjoin," 11 Southern California Law Review, 476-83.

But by reason of *People ex rel. Shepardson* v. *Universal Chiropractors' Association,* 302 Ill. 228, decided in 1922, Illinois must be numbered with the minority. In that case the Attorney General sought to have fifty-two unlicensed chiropractors enjoined from practicing in this State. The trial court denied relief, and this court affirmed. The court observed that there were conditions under which an injunction was available to enjoin the continuation of certain acts or conduct, although they are made crimes and punishment is provided for the persons guilty of them, but that is only where it is necessary to abate a nuisance. Concluding that practicing chiropractic did not constitute a menace to the public health, morals, safety or welfare, it was held not to be a nuisance so as to warrant equitable relief.

At the time it was decided, the case was in accord with the prevailing view. (Cf. *Merz* v. *Murchison,* 30 Ohio Cir. Ct. 646, physician; *Drummond* v. *Rowe,* 155 Va. 725, veterinarian; *State* v. *Maltby,* 108 Neb. 578, chiropractor.) However, a notable change occurred in 1931, when Ohio recognized the right of an attorney to injunctive relief against one practicing law without a license (*Dworken* v. *Apt. House Owners' Association,* 38 Ohio App. 265,) and again during the following year, granted an injunction in the case of a dentist. (*Taylor* v. *Dental Laboratories, Inc.* 29 Ohio N.P.N.S. 451.) Thereafter, the right to injunctive relief to stop the unauthorized practice of law was repeatedly upheld. (See cases discussed in *Smith* v. *Illinois Adjustment Finance Co.* 326 Ill. App. 654, where the issue was so resolved.) In addition, the right to injunctive relief was recognized in cases involving other professions. Physicians: *Sloan* v. *Mitchell,* 113 W. Va. 506; *Palmer* v.

*O'Hara*, 359 Pa. 213. Dentists: *Boggs* v. *Werner*, 372 Pa. 312; *Curtis* v. *Registered Dentists of Oklahoma*, 193 Okla. 233, 143 P.2d 427. Optometrists: *Neil* v. *Gimbel Bros., Inc.*, 330 Pa. 213; *Ezell* v. *Ritholz*, 188 S.C. 39; *Seifert* v. *Buhl Optical Co.* 276 Mich. 784. Chiropractors: *People ex rel. Bennett* v. *Lamon*, 277 N.Y. 368. *Contra: Mosig* v. *Jersey Chiropodists, Inc.* 122 N. J. Equity 382, 194 Atl. 248, chiropodists.

Apart from the fact that courts are abandoning the strict view that formerly prevailed in this area, we are convinced that there are sound, compelling reasons for bringing Illinois in line with the majority position and granting relief in a case of this nature. These reasons may be grouped under two general categories: (1) protection of the rights of the licensed practitioner, and (2) protection of the public.

First, it is conceded that one who holds a license to practice medicine, be it a limited or a full license, has a "property right" in the sense that laws affecting him in his practice must satisfy due process of law. (*People* v. *Love*, 298 Ill. 304; *Smith* v. *Dept. of Registration and Education*, 412 Ill. 332.) Moreover this license confers a right in the nature of a franchise, in that it grants the privilege of doing that which does not belong to the public generally by common right. (*Sloan* v. *Mitchell*, 113 W. Va. 506; *Ezell* v. *Ritholz*, 188 S. C. 39. Cf. *Smith* v. *Illinois Adjustment Finance Co.* 326 Ill. App. 654, 662.) In this regard, the license of a professional man which by statute is conferred only for merit differs from an ordinary regulatory license, such as a tavern license, or a revenue license, such as an automobile or hunting license. For to qualify for any type of healing arts license in this State, the licensee personally must meet high standards established for the purpose of protecting the public health, morals, safety and welfare. This being true, whether the right to practice the profession be called a franchise, a license or a

privilege, it is certainly a valuable interest that should, in justice, be entitled to protection.

The Appellate Court distinguishes between the attorney's license, which is conferred by this court, and other professional licenses which are conferred by the legislature. There are, of course, distinguishing features, but none which are material here. In both cases, the licensed individual must demonstrate to the satisfaction of a responsible governmental body his professional competence and personal fitness.

Equity traditionally has provided a remedy in matters where private property rights are infringed, despite the fact that invasions of such rights are also breaches of the criminal law. Because the practice of chiropractic in this State by one who is not licensed constitutes an infringement of the rights of those who are properly licensed, we hold that the latter may secure relief against such unlawful practice in a court of equity.

Second, the prevention of unlicensed practice of chiropractice benefits the public as well. For it helps insure compliance with those laws which have been sustained by this court as a reasonable exercise of the legislature's police power in protecting the public health and welfare. Assuredly, the legislature could itself have provided for injunctive relief, as has been done in some States, but its failure to do so does not preclude a court from acting. *People ex rel. Bennett v. Lamon,* 277 N.Y. 368.

For the reasons stated, so far as it is inconsistent with the views expressed herein, *People ex rel. Shepardson* v. *Universal Chiropractors' Association,* 302 Ill. 228, is overruled.

The Appellate Court is reversed, and the cause is remanded to the circuit court of Madison County with directions to deny the defendants' motion to strike the complaint, and to proceed in due course.

*Reversed and remanded, with directions.*

Mr. Justice Daily, dissenting:

Apart from the fact that I see no present justification for departing from the views expressed in *People ex rel. Shepardson* v. *Universal Chiropractors' Association,* 302 Ill. 228, I am further unable to concur in the court's opinion for the reason that it does violence to the basic concept that equity will not entertain jurisdiction where there is a complete and adequate remedy at law. (See: 7 I.L.P., Chancery, sec. 31; 13 Ill. Digest, Equity, sec. 43.) Plaintiffs' complaint admits that the Medical Practice Act, (Ill. Rev. Stat. 1955, chap. 91, par. 16j,) provides criminal fines and penalties for practice without a license, and admits that such remedies have been and are available to them as a means of stifling the competition of which they complain. As justification for not pursuing the legal remedy which was designed to protect both the public and the licensed practitioner, plaintiffs allege only that their efforts to procure criminal prosecution have been unsuccessful. There is no allegation either that the legal remedy is incomplete or inadequate. As I see it, therefore, a court of equity should not undertake to enforce the penal laws by which the legislature intended that unlicensed practice would be controlled, by so tenuous an allegation of the adequacy and effectiveness of the legal remedy. I would affirm the judgment of the Appellate Court in all respects.

Mr. Justice Bristow, also dissenting:

*People ex rel. Shepardson* v. *Universal Chiropractors' Assn.* 302 Ill. 228, in my opinion, properly held that the practice of chiropractic without a license did not *per se* constitute a public nuisance and that a court of chancery would not enjoin the unlicensed practice of chiropractic at the suit of the State, inasmuch as the statute had provided an adequate remedy at law, had authorized no equitable remedy, and equity would not enjoin the commission of

an alleged crime and deprive the defendant of his constitutional right of trial by jury.

The issues decided in the *Universal Chiropractors' Assn. case* are different from those presented in the instant case; the principles announced therein are still sound legal principles.

The pleadings in this case present no issue as to a public nuisance or the right of a court of equity to enjoin a claimed public nuisance at the suit of the State where the legislature has not authorized the same. That was the sole holding in the *Universal Chiropractors' Assn. case.* Even in view of the conclusion of the majority that the issuance of a license to practice chiropractic constitutes a property right entitled to judicial protection at the suit of licensed practitioners still such conclusion does not require or justify the overruling of *People ex rel. Shephardson* v. *Universal Chiropractors' Assn.* 302 Ill. 228.

Furthermore, I am of the opinion that the granting of a license by the State pursuant to its police powers for the conduct of a business or profession as a regulatory matter does not give the licensee any vested property interest therein or right of freedom from competition, (*People* v. *Walsh,* 346 Ill. 52; *Butchers' Union* v. *Crescent City,* 111 U.S. 746, 228 L. ed. 585,) and that the designated State authorities are the only proper persons to enforce police regulations of the State by means of criminal proceedings unless the police regulations specifically grant further and additional enforcement remedies. Consequently no property rights or special injury thereto are shown in the present case warranting protection by the exercise of equity jurisdiction at the instance of the complaining parties.

For the above reasons, in addition to those expressed by Mr. Justice Daily in his dissent, in which I concur, I would affirm the judgment of the Appellate Court in all respects.