## DWORKEN v APARTMENT HOUSE OWNERS ASSN

Ohio Appeals, 8th Dist, Cuyahoga Co
Decided March 9, 1931

D. F. Anderson, Chief Counsel, Harry F. Payer, Max P. Goodman, John Orgill, Max M. Dworken, Rufus Day, Howard Burnett, Howell Leuck, Joseph L. Stern, Abe Kollin, John Alburn, Edward Wertz, Joseph Breitenstein, William Gordon, Melville Vickery, Roger Jewett, J. P. Mooney, Arthur A. Miller and J. B. Dworken, all of Cleveland, for Dworken.

J. H. T. Miller, John A. Nally and Tolles Hogsett, and Ginn, all of Cleveland, for Association.

Baker, Hostetler & Sidlo and Baruch A. Feldman, all of Cleveland, amici curiae.

VICKERY, PJ (8th Dist) HORNBECK and KUNKLE, JJ (2nd Dist) sitting.

### BY THE COURT

In this court no question determined by the Common Pleas Court save one is challenged, namely, the right of the plaintiff to maintain the action.

In support of this claim three propositions are urged by counsel for defendant:

First: Plaintiff does not have the right to invoke the equitable jurisdiction of this court because admission to the bar and license to practice law is a personal privilege and not a property right.

Second: No injury to property rights or special damage to plaintiff appearing, equity will not restrain the violation of a public or penal statute.

Third: The remedy at law is adequate

by either proceeding under the penal statute or by quo warranto proceedings.

We have been favored by extensive briefs, both by the numerous counsel who represent the plaintiff, those who represent the defendant in this action and others by briefs amici curiae.

The exact question raised in this proceeding has not, so far as the briefs or original investigation disclose, been heretofore adjudicated.

It is claimed that the right which the plaintiff and others similarly situated as attorneys at law enjoy, is but a personal privilege and therefore not a civil property right and, in the absence of a showing of a special injury which is not claimed, they have no standing as a party plaintiff in this proceeding.

No court has held that the right to practice law is a civil property right in its full import, but it is obvious that it is a valuable privilege carrying with it the opportunity to secure material benefits and to earn a livelihood not given to those outside the profession. Such privileges are exclusive in that they are restricted to a class of idividuals who, after continued and special training by way of general education and legal preparation, and after examination and determination of special fitness, are accorded the right to follow the profession of attorneys and counselors at law. This right has been designated a right in the nature of a franchise.

A franchise has been defined as the privilege of doing that which does not belong to the citizens of the public generally by common right. Irvine Toll Bridge Company v Etill County et al. (Ky.), 275 S.W., 634.

In 198 New York, 479, it is said: "The practice of law is not a business open to all, but a personal right limited to a few persons of good moral character, with special qualifications as ascertained and certified after a long course of study, both general and professional, and a thorough examination by a State Board appointed for the purpose. The right to practice law is in the nature of a franchise from the state conferred only for merit."

26 Corpus Juris, 1019: "Franchises are property and are frequently invested with the attributes of property generally. Their character as property is peculiar in that they arise only from the grant of the sovereign." The citations supporting this, of course, deal largely with franchises granted to corporations, and the quotation is only given to indicate that the franchise granted by a sovereign is in the nature of property.

Our attention is drawn to a number of citations, notably, 6 Corpus Juris, 569, wherein it is stated that a right to practice law is not property, nor in any sense a contract, nor a privilege within the constitutional meaning of those terms. The same authority at the same section, however, classifies it as a privilege or franchise.

Also 4 Ohio Jurisprudence, 421: "But the right to practice law is not a property right; rather it is an extraordinary privilege granted to the individual for life on certain conditions upon the reasonable maintenance of which by him depends his continuance in office."

Thornton on Attorneys at law, page 22: "The right to practice law is not a natural inherent right, but one which may be exercised only upon proof of fitness, through evidence of the possession of satisfactory legal attainments and fair character. The privilege of practicing law is not open to all, but is a special personal franchise limited to persons of good moral character with special qualifications ascertained and certified after study and examination. It is not 'property' within the meaning of the word as used in constitutions; nor is it a contract. When admitted to practice, however, an attorney at law becomes an officer of the court; and, as such, he is entitled to certain rights and privileges, and subject to certain duties and liabilities, the due observance of which is necessary for the faithful administration of the law of the land, and in order that justice may be done."

Lawrence on Equity Jurisprudence, Volume I, page 82, discusses the matter under consideration in this language: "Various dicta are to be found to the effect that equity protects property rights only, unless authorized by statute, a theory which is hardly tenable unless the term 'property' be given a meaning much broader than any which would make it of value as a standard, and one which has been definitely repudiated in several cases. * * * This limitation of equity to protection of property rights is frequently stated as a broad declaration of principle when the decision reached is merely that equity declines to interfere in controversies which are purely political, or to enforce the criminal law, each of which limitations rests on its own peculiar reason for being, by no means warranting the broader dictum."

The same author at page 79, under the heading "Repudiated Limitations," says: "In any discussion of limitations or restrictions upon equitable jurisdiction it is important to take cognizance of three out-

standing doctrines which find a more or less general acceptance, and which involve a denial of certain specific limitations. These may be broadly stated as follows:

"1. Equity is not hampered by mere absence of precedent.

"2. Equitable relief is available for the protection of public as well as private interests.

"3. Equity is not restricted to the protection of property rights, in any technical or limited sense."

Our attention is directed to the case in Ohio which is nearest in point: Merz v Murchison, 11 O. C. C. R. (N. S.), page 458. This was an action brought by a physician and surgeon of the city of Sandusky against a chiropractor, seeking to enjoin alleged unlawful and unfair competition by the defendant. The evidence discloses that the defendant had been indicted for an alleged violation of a statute, making it an offense to practice medicine without license. The court very early in the opinion states:

"There appears to be no serious contention by counsel for plaintiff but that his claim to the equitable interposition of this court is based mainly, if not wholly, upon this statute."

The court thereafter, in holding that the plaintiff was not entitled to the relief sought, bases its decision largely upon the attempt to invoke the civil remedy of injunction to enforce the criminal statute, and quotes from an opinion by Lord Mansfield, 2 Burrows, 803:

"The rule is certain, 'that where a statute creates a new offense, by prohibiting and making unlawful anything that was lawful before, and appoints a specific remedy against such new offense (not antecedently unlawful) by a particular sanction and particular method of proceeding, that particular method of proceeding must be pursued and no other.'"

Also as showing the principal reason actuating the court in its decision was a quotation from High on Injunctions, 4th Edition, Sections 20 and 769, wherein the author asserts that an injunction will be withheld against the perpetration of an act prohibited by public statute, the only ground urged for the relief being the diminution of the profits of a trade or business pursued by complainant in common with others.

We do not believe that this case is authority to support the contention of defendant touching the principle which we now have under consideration. The action in Merz v Murchison, was by a physician, not for his class, against an individual who had committed an offense punishable by criminal statute, and the court properly held that under the facts of that case injunction would not lie. The syllabus seems to be more comprehensive than the opinion. The right of the plaintiff in this action is based upon broader grounds than those of Merz in the Erie county case.

It is also urged that, applying the rule announced in 2 Burrows, 803, supra, the plaintiff cannot maintain its action because there are two sections of the General Code which it is claimed make the defendant association amenable to prosecution.

If §1698 and 1698-1, GC, cover the subject matter of the acts in which the trial court found the defendant to be engaging, then it is necessary to determine whether or not the resort to criminal prosecution would accord to plaintiff an adequate remedy at law.

In Lawrence on Equity Jurisprudence, Volume 2, page 1183, it is said:

"Though equitable action is never predicated on the prevention of crime as such, it is also true that the fact that conduct is punishable criminally does not constitute an adequate remedy so as to bar equitable relief."

We need cite no authority to sustain this well established principle.

It seems to us that a mere statement of the fact that legal actions for eviction alone instituted by counsel in the legal department of defendant Association numbered up into the thousands, discloses that recourse to the criminal statutes would afford an inadequate, cumbersome and complex method of accomplishing that which the plaintiff seeks to bring about in this action, namely, a cessation of the illegal practice of law.

It might also be said that in those cases illustrating the rule quoted from 2 Burrows, 803, the facts illustrate the class of cases wherein the statute created a new offense making unlawful that which heretofore had been lawful. We do not see that it can be urged that at any time it was lawful, though not prohibited by criminal statute, for defendant corporation to engage in the practice of law.

It is also asserted that the action of the plaintiff is an attempt to enjoin an alleged usurpation of the corporate authority of defendant corporation. The suit of the plaintiff is based upon an invasion of the franchise right of himself and others similarly situated. The effect of granting to the plaintiff the relief sought will be to prevent the defendant corporation exercising certain rights which ostensibly were granted by its charter, but it is so affected

by indirect action and not by a direct attack upon its corporate franchise.

It is further claimed that quo warranto is the proper proceeding and that an action against the defendant is confined to that alone, in so far as civil proceeding is concerned.

What we have just said is applicable to this contention. If it is desired to make a direct attack on the misuser of powers granted under a corporate franchise, then the proper individual to institute such action is the attorney general by quo warranto.

"Equity, like the law, has growth"; as stated in Lawrence on Equity Jurisprudence, page 82: "Courts of equity should adapt their practice as far as possible to the existing state of society and apply its jurisdiction to all those new cases which from the progress daily making in the affairs of men must continually arise." **Wagner v Armstrong, 93 Oh St, 457.**

We are of the opinion that the plaintiff and those similarly situated have such an interest as members of the legal profession in the nature of a property right which will support the authority of the plaintiff in this action to proceed as a proper party.

The finding and judgment will, therefore, be entered for the plaintiff.