ALEXANDER MACBETH *et al. vs.* GERBER'S INC.

JULY 22, 1946.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ

CAPOTOSTO, J. The complainants, duly registered optometrists, brought this bill of complaint, in their own right and also as officers and on behalf of the Rhode Island Society of Optometrists, against Gerber's Inc., a corporation, to restrain and enjoin it from practicing optometry in this state in violation of general laws 1938, chapter 277. A demurrer to the bill was overruled and the cause was thereafter heard on bill, answer and proof. The superior court granted the prayer of the bill. The cause is before us on respondent's appeal from the decree overruling the demurrer and also on its appeal from the decree enjoining it from practicing optometry in this state.

The bill in substance alleges that the respondent is engaged in the illegal practice of optometry; that the continuance of such practice "will result in irreparable public and private injury, in that it involves the public welfare, health and safety in the matter of the measurement of the powers of vision and the adaptation of lenses for the aid thereof"; and that the respondent is engaged in unlawful competition with the complainants, which competition threatens the latter with irreparable loss.

The respondent demurred to the bill on various grounds, the most important of them being: (1) That the complainants are not charged by chap. 277 with the enforcement of the provisions of that chapter and therefore are not proper parties to a bill of complaint seeking to enjoin violations of that statute; (2) that the bill does not set out any property right in the complainants which was being violated by the respondent; and (3) that the bill does not allege any special damage to the complainants.

In view of our decision on this demurrer, it is unnecessary to refer to respondent's answer or to the evidence in the record before us. The trial justice, who heard the cause on its merits, declined to consider the question whether the complainants were proper parties to maintain the bill and for reason therefor stated as follows in his rescript: "The first point raised by the respondent is that the complainants have no standing to maintain the present bill under any circumstances. This question, so far as this Court is concerned, is set at rest by the ruling of a justice of this Court, who overruled a demurrer based on this among other grounds."

In our opinion it was error to overrule the demurrer. Subject to a certain exception not material at this time, chap. 277 provides that no person not a holder of a certificate of registration duly issued to him in accordance with the statute shall practice optometry in this state. By express terms of the statute the holder of such certificate is required to pay a certain annual fee for its renewal; the director of public health and the division of examiners are charged with the duty of enforcing the provisions of the statute and of prosecuting every person who shall violate the same; and violations are punishable by fine or imprisonment.

It is immaterial in the circumstances of this cause whether optometry is termed a profession, an art, or a skilled trade. The rights secured to the complainants, however their vocation may be designated, are fixed by the statute. The controlling question here, as we see it, is whether the statute grants to the holder of a certificate of registration in optometry a property right or such a special privilege in the nature of a property right that, in the absence of proper allegation of special damage, equity will protect by injunction against one who is practicing that calling in violation of the statute.

The answer to this question depends upon the intent of the legislature as manifested in the statute. After careful consideration it is clear to us that, in enacting chap. 277, the legislature intended primarily to protect the public against

persons who, through unfitness or deception, might affect the general welfare in a matter so closely related to the health or physical comfort of the people. In our judgment the statute was not intended to secure registered optometrists against pecuniary loss as the result of competition from any source. See 3 Restat. of the Law of Torts, §710. Under this view of the legislative intent, the certificate of registration is fundamentally an assurance to the public that the person so licensed possesses the necessary qualifications to practice optometry, and that the public may rely, with reasonable confidence, upon his integrity and competency to practice that vocation.

Granting that a certificate of registration gives to the holder a special privilege, such certificate nevertheless falls far short of giving him a property right or one in the nature thereof that would support a bill for injunction without alleging special damage. As we construe the statute, the complainants, both individually and in their representative capacity, are not entitled to maintain the present bill unless it properly alleges special damage. The statute imposes the duty on the director of health and the division of examiners to enforce its provisions and to prosecute any person who shall violate the same. In the absence of a reasonably clear mandate from the legislature provided expressly or by necessary implication, we cannot assume that it intended to have registered optometrists, individually or in association and however sincere their purpose might be, police the enforcement of the statute by proceedings in equity solely in vindication of the public right. That is not to say that complainants individually might not bring a bill in equity for an injunction under the alleged circumstances if special damage is also properly alleged.

As hereinbefore intimated, the allegation of damage in the present bill is that the complainants, particularly those carrying on the practice of optometry in Providence, are "competitors of the Respondent"; that "the volume" of

their practice is influenced by respondent's conduct, and that they are therefore "threatened with irreparable loss". Such allegation of damage, in so vague and general language, is not a specific statement of facts showing special damage to the complainants, or any one of them. It is the statement of a mere conclusion with reference to conjectural damage that might result to all optometrists generally, rather than a statement of facts alleging special damage to any one in particular. Complainants' bill is clearly insufficient on this point. See *Conte* v. *Roberts,* 58 R. I. 353.

We have examined the authorities submitted to us and find most of them inapplicable as the question under consideration here was not raised therein. An example of these is the case of *McMurdo* v. *Getter,* 298 Mass. 363, upon which the complainants strongly rely. In that case the court, almost at the very beginning of its opinion, says: "No question is made of the right of the plaintiff and the intervener to relief if the defendants are practicing optometry illegally."

The following cases, in which the question of proper party complainant was considered by the court, are in accord with our conclusion in the instant cause: *Goldsmith* v. *Jewish Press Publishing Co.,* 118 N. Y. Misc. 789; *Merz* v. *Murchison,* 11 Ohio C. C. N. S. 458; *Dvorine* v. *Castelberg Jewelry Corp.,* 170 Md. 661. A contrary view is expressed in *Dworken* v. *Apartment House Owners Assn.,* 38 Ohio App. 265.

In view of our conclusion that the complainants have no right to maintain the bill, it becomes unnecessary for us to consider the merits of the cause and, therefore, we express no opinion as to whether or not the respondent is practicing optometry in violation of the statute.

The respondent's appeal from the decree overruling its demurrer is sustained, its appeal from the decree on the merits is dismissed without consideration, and the cause is remanded to the superior court for further proceedings.

*Eugene J. Sullivan, Jr.,* for complainants.

*Temkin & Temkin, John M. Booth,* for respondent.