Weygandt, C. J.,
concurring. The controlling question here presented is an extremely simple one, and there should be no confusion or misunderstanding about it.
It is important to note that certain questions are not here in issue.
1. No publicly owned or operated park or recreation facility is involved.
2. There is no claim of discrimination as to remedy. Exactly the same remedies are available to the plaintiff as to any other person.
3. No constitutional question is raised.
As observed in the majority opinion, the entire problem is statutory. It is agreed that without the statutes the plaintiff would have no remedy whatsoever. It is agreed, too, that the statutes provide two remedies — -civil and criminal — which are available to everyone including the plaintiff. However, for some unexplained reason she does not choose to employ either. Instead, she seeks to resort to a third remedy not even mentioned in the very statutes on which she relies. Like everyone else, she has no cause for complaint when she declines to use the remedies the law provides.
Hart, J., dissenting. I regret that I can not concur in the judgment and opinion of the majority of the court in this case for the reason that, in my opinion, the judgment does not fully protect the civil rights of the plaintiff.
When the cause of action, if any, arose in the instant case, the civil rights of the plaintiff beyond those awarded by the Constitutions were defined by the General Code of Ohio.
Section 12940, General Code (Section 2901.35, Eevised Code), provides as follows:
‘ ‘ Whoever, being the proprietor or his employee, keeper or manager of an inn, restaurant, eating house, barber shop, public conveyance by air, land, or water, theater, store or other place for the sale of merchandise, or any other place of public accommodation or amusement, denies to a citizen, except for reasons applicable alike to all citizens and regardless of color or race, the full enjoyment of the accommodations, advantages, facilities or privileges thereof, or, being a person who aids or *158 incites the denial thereof, shall be fined not less than 50 dollars nor more than 500 dollars or imprisoned not less than 30 days nor more than 90 days, or both.”
Section 12941, General Code (Section 2901.35, Revised Code), provides as follows:
“Whoever violates the next preceding section shall also pay not less than 50 dollars nor more than 500 dollars to the person aggrieved thereby to be recovered in any court of competent jurisdiction in the county where such offense was committed.”
And Section 12942, General Code (Section 2901.36, Revised Code), provides as follows:
“Either a judgment in favor of the person aggrieved, or the punishment of the offender upon an indictment under the next two preceding sections, shall be a bar to further prosecution for a violation of such sections. ’ ’
Section 12940, General Code (Section 2901.35, Revised Code), above quoted, clothes the plaintiff with certain absolute civil rights aside from and independent of the remedies named in the sections of the General Code above quoted. The statute does not make these remedies exclusive, and the question now before the court is whether they are exclusive by implication. Incidentally, the criminal liability by way of fine or imprisonment or both for a violation of these rights provided by Section 12940, General Code, is not a personal or private remedy to the person whose rights have been invaded. The remedy is a public one, which may be pursued by any member of the public, and no part of the fine, if one is imposed, goes to the person whose civil rights have been infringed.
The judgment of the Court of Appeals and its affirmance by this court give a person violating the civil rights of one entitled thereto under the statute an option to violate such rights and to continue to violate them, with a mere chance of a prosecution and penalty under a criminal statute or a civil penalty by way of forfeiture fixed by statute, no special damages being required to be shown as to the latter, or both. Such, in my judgment, can not be the law. As some writer has said, such a judgment permits the offender to be “vaccinated by the needle of the law” and thereafter become immune. A person is entitled *159 to the actual and continued enjoyment of his civil rights as vouchsafed by the statute and these can not be permanently thwarted by some other avenue of escape.
I concur in that portion of the opinion of Judge Weber, the trial judge in the instant cause, wherein he said:
“The statute creates a personal right to every citizen to fully enjoy the facilities of a place of public accommodation upon equal terms with every other citizen. It is inconceivable that the legislative purpose was that some should have the opportunity actually to enjoy the facilities of such a place but that others, equally without personal fault, should be compelled to accept from a wrongdoer money as a substitute for such opportunity.
U # * #
“* * * To sustain such an argument would confirm an absurdity and impugn the integrity of the Legislature which enacted the statute. The injury to the plaintiff by the wrongful acts of the defendant is irreparable and the statutory remedy is inadequate.”
It is claimed also by the defendant that injunction will not lie to protect personal rights as against property rights. I am unable to concur in that proposition as a universal rule. Many times the courts will exercise equity jurisdiction to protect personal rights from infringement, as in cases of boycott, threatened criminal acts, conspiracies and illegal prosecutions. For instance, equity will enjoin the publication and circulation of posters, handbills and circulars printed and circulated in pursuance of a combination to boycott a newspaper. Casey v. Cincinnati Typographical Union, 45 F., 135, 12 L. R. A., 193. This court has held that where the averments of a petition would, if proved, entitle the plaintiff to an injunction, a writ will not be refused merely because the acts sought to be enjoined are punishable under the criminal statutes of this state. Renner Brewing Co. v. Rolland, 96 Ohio St., 432, 118 N. E., 118. The Court of Appeals of the Eighth Appellate District has held that, notwithstanding the fact that the illegal practice of law by a corporation is punishable as a crime, criminal prosecution does not constitute an adequate remedy barring equitable relief against the corporation, because equity has the facility to prevent fur *160 ther and repeated offenses. Dworken v. Apartment House Owners Assn., 38 Ohio App., 265, 176 N. E., 577. And the Court of Appeals of the Eighth Appellate District has recognized and applied this remedy of mandatory injunction as a proper remedy under the statute in question. See Gillespie v. Lake Shore Golf Club, 56 Ohio Law Abs., 222, 91 N. E. (2d), 290. And the equitable jurisdiction of a court is often exercised where there is a threat of repeated offenses. In this connection, the record shows that there are admissions on the part of the defendant that the plaintiff will be denied her claimed civil right to enter the park in question, regardless of how many times she may apply. This fact alone warrants the exercise of the equitable remedy of injunction.
Again I concur in the opinion of Judge Weber, where he said:
“The agents of the defendant testified emphatically that the plaintiff would be denied admission to the park whenever she applied. It is evident that neither a recovery at law of the damages permitted by the statute, regardless of how many times the plaintiff recovers, nor convictions and punishments of the defendant, regardless of how often obtained and imposed, will restore to the plaintiff in this case the thing which the Legislature clearly intended to give her and of which the wrongful acts of the defendant have deprived her and will continue to deprive her, namely, the right to enter the park and the opportunity to fully enjoy its facilities.”
A leading recent case on this subject is that of Kenyon v. Chicopee, 320 Mass., 528, 70 N. E. (2d), 241, 175 A. L. R., 430, which holds that equity will protect personal rights by injunction upon the same conditions upon which it will protect property rights.
An annotation on this subject is found in 171 A. L. R., 920, 921, as follows:
“While there is some authority to the contrary, in most of the cases in which the question has arisen, the view has been taken that a person aggrieved by the violation of a civil rights statute is entitled to pursue a remedy which will effectively reimburse him for, or relieve him from the effects of, the violation, or protect against further violation, notwithstanding the *161 statute did not expressly give him such right or remedy. ’ ’ Citing cases from Arkansas, California, Illinois, Michigan, New Jersey, New York, Oklahoma and Washington.
Continuing, this annotation says:
“In a few cases, however, it has been held in substance that the remedies enumerated in civil rights statutes were exclusive, no other remedy being available.” Citing cases from Georgia, Illinois, Indiana and New York.
A leading recent case on this subject is that of Orloff v. Los Angeles Turf Club, Inc. (1947), 30 Cal. (2d), 110, 180 P. (2d), 321, 171 A. L. R., 913. In that case after the plaintiff had been twice ejected from a racing park and ordered not to return he brought an injunction suit against the defendant to restrain it from interfering with his entering the park as other persons were permitted to do, basing his right to relief on a civil rights statute of California. Defendant’s demurrer was sustained with leave to plaintiff to amend his complaint to claim only damages allowable under the statute. Upon plaintiff’s refusal to amend, his action was dismissed and he appealed. The SuCourt of California, on appeal, by unanimous decision reversed the judgment of the trial court.
The A. L. R. headnotes to that case are as follows:
“1. The provisions of a statute imposing an obligation on proprietors of places of amusement to admit adult persons who tender proper admission tickets or the price thereof, that anyone refused admission in violation of the statute may recover $100 penalty as well as compensatory damages, do not establish conditions precedent or constitute any form of unusual procedure required to obtain relief and, in view of the requirement that the statute is to be liberally construed, do not exclude availability of preventative injunctive relief against one violating the statute where the statutory remedy is inadequate.
“2. The positive declaration of personal rights in a statute making it unlawful for the proprietor of a place of amusement to refuse admission to any person over age of 21 who presents the proper ticket of admission or tenders the price of admission, and the inadequacy of the remedy provided in favor of one refused admission by way of recovery of the actual damages suffered, and $100 penalty in addition thereto, furnished suf *162 ficient reason for the granting of injunctive relief restraining the proprietor of a racecourse from refusing the adult plaintiff admission to, and from ejecting him from the defendant’s racecourse in violation of the statute.
< i * * #
“4. A factor of importance in interpreting a statute prohibiting exclusion of persons over 21 who tender admission price from places of amusement and providing for recovery of actual damages and $100 penalty, and in applying the rule that the statutory remedy provided for a new right is exclusive, is the adequacy of the remedy provided by statute.
“5. Although primarily concerned with protection of property rights in cases where the law fails to provide adequate remedy, jurisdiction of equity, in proper cases, extends to protection of purely personal rights.”
In the course of the opinion in that case, the court said:
“A recovery of compensatory damages and $100 is plainly inadequate relief in a case of this character. (See, discussion, 29 Harv. L. Rev., 93; 29 Harv. L. Rev., 640; 39 Ill. L. Rev., 144; 30 Cal. L. Rev., 563, 567.) Compensable damages would be extremely difficult if not impossible to measure and prove. The sum of $100 is a relatively insignificant recovery when we consider that a positive and unequivocal right has been established and violated. It has been held (although dealing with exclusions from public places where there are [sic] discrimination on the basis of race or color) that preventive — specific relief is available where a public agency operates the public place. (Stone v. Board of Directors of Pasadena, 47 Cal. App. [2d], 749 [118 P. (2d), 866], in which mandamus was allowed.) Constitutional basis may exist for preventing such discrimination but that is not a factor of sufficient force to deny similar relief where such discrimination does not exist. The right of admission to the places designated is clearly and positively stated (Civ. Code, Section 53) and the inadequacy of the remedy provided in Section 54 is manifest in both cases. If the objects of the Civil Code are to be effectuated, and justice promoted as required by Section 4 thereof, certainly specific relief should be available where the object is to prevent the exclusion of persons from certain places and there are no valid reasons why such relief should be depied,
*163 (<# * * there are many instances in which equity has protected purely personal rights (see above references) though in some the courts have reached that result by finding fictional property rights — declaring things property rights which were in truth not of that character (see references, supra). On principle it is difficult to find any sound reason for the enunciation of a broad principle that equity will not protect personal rights. There may be situations involving personal rights in which equity will not act. Such situations may arise where the legal remedy is adequate or they may involve a prior restraint on freedom of speech or press (see Dailey v. Superior Court, 112 Cal., 94 [44 P., 458, 53 Am. St. Rep., 160, 32 L. R. A., 273], Magill Bros. v. Building Service etc., Union, 20 Cal. [2d], 506 [127 P. (2d), 542]) or where there is no established legal right to be protected or some other recognized ground for refusing an equitable remedy is present. The issue should not in logic or justice turn upon the sole proposition that a personal rather than a property right is involved. To so reason, is to place property rights in a more favorable position than personal rights, a doctrine wholly at odds with the fundamental principles of democracy. These concepts of the sanctity of personal rights are specifically protected by the Constitutions, both state and federal, and the courts have properly given them a place of high dignity, and worthy of especial protection.” See, also, Everett v. Harron (1955), 380 Pa., 123, 110 A. (2d), 383; People, ex rel. Bennett, Atty. Genl., v. Laman, 277 N. Y., 368, 376, 14 N. E. (2d), 439, 442.
In my opinion, the judgment of the Court of Appeals should be reversed and that of the Common Pleas Court affirmed.
Matthias, J., concurs in the foregoing dissenting opinion.