### WILSON v. JACKSONVILLE BAR ASSOCIATION, et al.

Circuit Court, Duval County.

February 6, 1957.

Frank T. Cannon, Jacksonville, for plaintiff.

Roger J. Waybright and Donald K. Carroll, both of Jacksonville, for defendants.

CLAUDE OGILVIE, Circuit Judge.

This suit is brought by Sam B. Wilson, individually, as a member of the Florida Bar, and as a representative of a class, viz., lawyers who are not members of the Jacksonville Bar Association (hereinafter sometimes referred to as the "association"), seeking a declaratory decree to the effect that the operation of the association's lawyer reference service is a violation of—(1) the code of legal ethics, and (2) the rules of the integrated Florida Bar—all of which have been adopted by our Supreme Court for the discipline of all attorneys in the state.

The complaint alleges and the answer admits that the association is a corporation not for profit. All of its members, as well as all lawyers in the state, are members of the integrated bar of Florida. Membership in the association is voluntary. About 24% of the lawyers qualified to practice law residing in Jacksonville do not belong to the association.

It is further admitted that the association is operating a lawyer reference service in Jacksonville, that for an annual fee any member of the integrated bar residing in Jacksonville—who has been approved and accepted by the association—may have his name placed on the list to share in the legal business solicited by the reference service, that the "referrer," John M. Marees, is a salaried employee of the association under the supervision of its executive committee, that through the referrer's office the association conducts the business of the reference service—and by the answer filed herein it is admitted that on numerous occasions in the past (and an expressed intention to continue in the future) the following type of advertisement has been published in Jacksonville newspapers—

LAWYER REFERENCE
SERVICE
If you do not have a lawyer, contact
this official agency of the JACKSON-
VILLE BAR ASSOCIATION for referral
to a lawyer to handle your legal matters
for a reasonable fee.
501 Florida National Bank
Dial EL 3-1548

The defendants have also published in the current issue of the Jacksonville telephone directory a similar advertisement, in words and figures as follows—

LAWYER REFERENCE
SERVICE
If You Need a Lawyer and Do Not Know
One, Contact This Official Agency of the
JACKSONVILLE BAR
ASSOCIATION
Room 501
Fla Natl Bk Bl — EL 3-1548

To the complaint defendants filed a voluminous answer. Plaintiff's motion to strike portions thereof is denied, by way of expediting a decision on the merits of the case.

Defendants' motion to dismiss the complaint is denied. It was argued that plaintiff is not a proper party to bring the suit, that he does not have a sufficient right to support same, that the court is without jurisdiction.

The plaintiff and the class he represents have been granted the privilege or personal franchise to practice law in this state. Such privilege is granted only to persons of good moral character having special qualifications determined by a prescribed course of study and examination. It is not a property or contract right within the terms used by constitutions. Such privilege or personal franchise is sufficient to invoke the jurisdiction of this court in a suit of this kind. See Dworken v. Apartment House Owners Ass'n of Cleveland (Ohio Ct. of App.), 176 N. E. 577.

Defendants urged that plaintiff cannot maintain this suit, arguing that there is an adequate remedy at law for him, and that defendants are subject to disciplinary actions in disbarment proceedings if, in fact, their conduct constitutes a violation of the code of ethics. But it seems to the court that this matter is worthy of an adjudication in this suit, that neither of the other remedies suggested should bar relief in this suit for a declaratory decree.

On final argument counsel for the parties agreed that there is no dispute as to the material facts, which were included in the pleadings and admitted on final argument. Both sides requested the court to consider the matter on final hearing and stipulated that the taking of testimony was unnecessary.

Our Supreme Court adopted the integration rule which created the Florida Bar, expressly adopting thereby the canons of ethics of the American Bar Association; and also adopting the canons of ethics and rules of conduct previously promulgated by the Court.

Among other things, in article XI on Discipline of Attorneys, the integration rule provides— ". . . The practice of solicitation of professional employment by advertisement, runners, solicitors, investigators, or in any other manner, shall constitute ground for discipline. Payment of compensation shall not be a necessary element of proof of solicitation. . . ."

The code of ethics of the American Bar Association adopted by the Florida Supreme Court, as well as the code promulgated by the same Court, expressly prohibit the "solicitation of professional employment by circulars or advertisements . . ." See section 27.

Section 28 of the code reads as follows—

"It is unprofessional for a lawyer to volunteer advice to bring a law suit, except in rare cases where ties of blood, relationship or trust make it his duty to do so. Stirring up strife and litigation is not only unprofessional, but it is indictable at common law. *It is disreputable* to hunt up defects in titles or other causes of action and inform thereof in order to be employed to bring suit or collect judgment, *or to breed litigation by seeking out those with claims for personal injuries, or those having any other grounds of action in order to secure them as clients, or to employ agents or runners for like purposes,* or to pay or reward, directly or indirectly, those who bring or influence the bringing of such cases to his office, or to remunerate policemen, court or prison officials, physicians, hospital attaches or others who may succeed, under the guise of giving disinterested friendly advice, in influencing the criminal, the sick and the injured, the ignorant or others, to seek his professional services. A duty to the public and to the profession devolves upon every member of the Bar having knowledge of such practices upon the part of any practitioner immediately to inform thereof, to the end that the offender may be disbarred." (Italics added.)

It cannot be denied that the advertisements published by the association constitute a solicitation of legal business. When a reader of the advertisement yields, he goes to the referrer's office as a prospective client, whereupon the first interview between the referrer and the client is held, and if the referrer is impressed with the legality of the claim the client is then referred to a lawyer on the reference service list—there are about 80 names on the list of an approximate 500 lawyers residing in Jacksonville.

The answer admits that the service is not operated for those unable to pay a fee. The reference service is designed "to put people who need legal service, and who do not know a lawyer, in touch with a lawyer who is able and willing to render that service for a reasonable fee." Paragraph 15 of the answer. The Legal Aid Association is operated by the same association for the benefit of persons needing the services of a lawyer, but who are unable to pay a fee (and it must be noted that this service rendered by the Legal Aid Association is in the highest public interest—but no advertisements are "run" to attract the attention of a person in need of such service).

The question raised here, whether a bar association can conduct a lawyer reference service within the code of ethics and the integration rule, soliciting legal business for a fee by advertising in newspapers and telephone directories, and referring such business to a special group of lawyers meeting the requirements of the bar association, has not heretofore been adjudicated, so far as the arguments and authorities cited by counsel disclose.

It is admitted that a corporation cannot practice law. See Rhode Island Bar Ass'n v. American Service Ass'n, 179 R. I. 139, p. 145. See also Creditors' National Clearing House v. Bannwart (Mass.), 116 N. E. 886. Certainly the Jacksonville Bar Association cannot and does not purport to practice law. And equally certain is it that the member lawyers collectively and individually, including Mr. Marees, are amenable to the rules of discipline promulgated by our Supreme Court.

A group of lawyers cannot do indirectly what none of them can do directly—advertise and solicit legal business. It is argued that the *primary* purpose of the reference service is to serve the public by making it easy for the public to select a lawyer endorsed and approved by the association as a capable lawyer for the occasion—although counsel admitted in argument that benefits would accrue to lawyers enlisted in the referral service, and that the "economics" of the Bar is involved.

If it is unethical to solicit legal business by newspaper advertisements, telephone directories or touters, either directly or indirectly (and this court holds just that), good motive, to-wit, the education of, or service to, the public, does not make the solicitation ethical.

This court holds that the association is a principal party to the advertisement for legal business; that same is an integral part of the practice of law in Jacksonville, which no corporation can indulge in; that the present operation of the lawyer reference service by the association is in violation of the codes of ethics and also the integration rule promulgated by the Supreme Court of Florida.

Counsel for plaintiff having withdrawn his prayer for injunctive relief on final argument, the same is not considered here.