RICHARD F. MALLEN AND ASSOCIATES, LTD., Plaintiff-Appellant, v. MYINJURYCLAIM.COM CORPORATION, Defendant-Appellee.

First District (4th Division)   No. 1—00—2912

Opinion filed April 18, 2002.

Edelman, Combs & Latturner (Daniel Edelman, Cathleen Combs, James Latturner, and Danita Ivory, of counsel), Novoselsky Law Offices (David Novoselsky, of counsel), and Thomas Rakowski & Associates, all of Chicago (Thomas Rakowski, of counsel), for appellant.

No brief filed for appellee.

Illinois State Bar Association, of Springfield (Herbert Franks, Dennis Rendleman, Stephanie Hughes, and Thomas Speedie, Jr., of counsel), *amicus curiae.*

JUSTICE HARTMAN delivered the opinion of the court:

Plaintiff law firm, Richard F. Mallen & Associates, Ltd., filed a three-count complaint for an injunction against defendant, Myinjuryclaim.com Corporation, alleging that defendant was engaging in the unauthorized practice of law (count I), violated the Uniform Deceptive Trade Practices Act (815 ILCS 510/1 *et seq.* (West 2000)) (count II), and violated the Illinois Consumer Fraud and Deceptive Business Practices Act (815 ILCS 505/1 *et seq.* (West 2000)) (count III). Count I of the complaint was dismissed due to plaintiff's lack of standing. Plaintiff appeals. Defendant has filed no response brief; nevertheless, this court elects to consider the appeal on its merits. *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 345 N.E.2d 493 (1976).[1]

Plaintiff specializes in personal injury law and brought suit on behalf of a class consisting of all Illinois attorneys practicing personal injury law. Defendant, which is not a professional corporation and is not authorized to practice law, operates an Internet website which advises individuals injured in automobile accidents concerning their legal rights and evaluates their claims. Defendant's website is accessible in Illinois and invites injured individuals to pay a fee of up to $500 in exchange for information regarding the fairness of any settlement offer they receive, a personalized demand letter to submit to the insurance company, and a jury verdict search.

---

[1]The Illinois State Bar Association was granted leave to file a brief as *amicus curiae.*

Defendant filed a motion to dismiss the complaint pursuant to section 2—615 of the Code of Civil Procedure (735 ILCS 5/2—615 (West 2000)), arguing, *inter alia*, that plaintiff lacked standing to bring a cause of action against defendant for the unauthorized practice of law.[2] Following a hearing, the circuit court dismissed count I with prejudice for lack of standing and found, pursuant to Supreme Court Rule 304 (155 Ill. 2d R. 304), no just reason to delay enforcement or appeal of that order. Counts II and III were dismissed without prejudice and are not part of this appeal.

The sole issue on appeal is whether the circuit court erred in finding that plaintiff lacked standing to bring a cause of action against defendant for the unauthorized practice of law. An order granting a motion to dismiss for lack of standing is reviewed *de novo*. *Glisson v. City of Marion*, 188 Ill. 2d 211, 720 N.E.2d 1034 (1999) (*Glisson*).

■ The doctrine of standing is designed to preclude persons who have no interest in a controversy from bringing suit, assuring that issues are raised only by those having a real interest in the outcome of the controversy. *Glisson*, 188 Ill. 2d at 221. Standing requires some injury in fact to a legally cognizable interest. *Greer v. Illinois Housing Development Authority*, 122 Ill. 2d 462, 524 N.E.2d 561 (1988) (*Greer*). The claimed injury may be actual or threatened, and it must be (1) distinct and palpable; (2) fairly traceable to the defendant's actions; and (3) substantially likely to be prevented or redressed by the grant of the requested relief. *Greer*, 122 Ill. 2d at 492-93.

■ In *Smith v. Illinois Adjustment Finance Co.*, 326 Ill. App. 654, 63 N.E.2d 264 (1945) (*Smith*), the court considered the question of standing to bring a cause of action for the unauthorized practice of law and found that "an attorney is the proper party to bring the suit, and that an injunction is the proper remedy, for the unauthorized practice of law." 326 Ill. App. at 669. The court reasoned that an attorney had sufficient interest in the subject matter to bring such a suit because the right to practice law was a special privilege or franchise entitled to protection.

In an analogous situation, the supreme court in *Burden v. Hoover*, 9 Ill. 2d 114, 137 N.E.2d 59 (1956), found that a licensed chiropractor had standing to bring a cause of action to enjoin the defendants from

---

[2]Lack of standing is an "affirmative matter" that is properly raised under section 2—619(a)(9) of the Code of Civil Procedure (735 ILCS 5/2—619(a)(9) (West 2000)). *Glisson v. City of Marion*, 188 Ill. 2d 211, 720 N.E.2d 1034 (1999). The circuit court treated defendant's motion to dismiss as one pursuant to section 2—619. See *B.C. v. J.C. Penney Co.*, 205 Ill. App. 3d 5, 562 N.E.2d 533 (1990).

practicing chiropractic without a license because such practice by an unlicensed person constituted an infringement of the rights of those who are properly licensed. The court reasoned that one who holds a medical license has a "property right" in the sense that laws affecting him in his practice must satisfy due process of law. Citing *Smith*, the court noted that the medical license conferred a right in the nature of a franchise, granting the privilege of doing that which does not belong to the public generally by common right. "This being true, whether the right to practice the profession be called a franchise, a license or a privilege, it is certainly a valuable interest that should, in justice, be entitled to protection." *Burden*, 9 Ill. 2d at 118-19.

Similarly, one who holds a license to practice law has a "property right" in that license in the sense that laws affecting him in his practice must satisfy due process. See *In re Chandler*, 161 Ill. 2d 459, 641 N.E.2d 473 (1994) (attorney may not be disciplined for instances of uncharged misconduct because to do so would violate due process rights); *In re Doyle*, 144 Ill. 2d 451, 581 N.E.2d 669 (1991) (same). As the court recognized in *Smith*, a law license confers a right in the nature of a franchise. Consequently, the right to practice law is a valuable interest that is entitled to protection.

■ Clearly, the injury sought to be prevented here emanates from defendant's practices. An unlicensed corporation dispensing legal advice without possessing the requisite expertise or competence is predictably apt to cause irreparable harm to many citizens, as well as to the judicial system itself. See 134 Ill. 2d Illinois Rules of Professional Conduct, Preamble.

Because the practice of law by an entity not licensed constitutes an infringement upon the rights of those who are properly licensed, attorneys and law firms have standing to bring a cause of action for such unauthorized practice. Defendant's suggestion before the circuit court that only bar associations may bring such an action was unsupported by any authority and no such authority is found. There is nothing in the statute prohibiting the unlicensed practice of law that precludes individual attorneys or law firms from pursuing such a cause of action. 705 ILCS 205/1 (West 2000).

Consequently, the judgment of the circuit court of Cook County is reversed and the cause is remanded for further proceedings.

Reversed and remanded.

THEIS and KARNEZIS, JJ., concur.